NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

LESTER L. WILLIAMS,          )
                               )
          Appellant,      )
                               )
v.                         )      Case No. 2D13-5323
                               )
STATE OF FLORIDA,       )
                               )
          Appellee.       )
_____)

Opinion filed July 1, 2015.

Appeal from the Circuit Court for Charlotte
County; George C. Richards, Judge.

Howard L. Dimmig, II, Public Defender,
and J. L. LeGrande, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Jason M. Miller,
Assistant Attorney General, Tampa,
for Appellee.


SILBERMAN, Judge.

          Lester L. Williams seeks review of his judgment and sentences for three

counts of preventing or obstructing extinguishment of a fire and three counts of pulling a

false alarm.  Williams argues that the trial court erred by allowing him to stipulate to his

competency instead of holding a competency hearing.  We agree and reverse.

The charges were based on allegations that Williams repeatedly defaced sprinkler heads in his prison cell in the Charlotte Correctional Institution's Mental Health Unit. At his first appearance, Williams waived his right to an attorney and opted to proceed pro se. After reading his pro se pleadings, the trial court became concerned with Williams' competency and appointed an expert to conduct a competency evaluation.[1] The expert submitted a report recognizing that Williams had a history of mental health issues but finding Williams competent to stand trial.

At a pretrial conference hearing, the court noted the expert's conclusions and asked Williams if he wanted to stipulate to his competency instead of returning to court for a competency hearing. Williams agreed. The court appointed standby counsel, and Williams proceeded to trial. Williams admitted to defacing the sprinkler heads but asserted that he did so to get a sharp object to use to harm himself. Standby counsel argued that prison officials should have stopped Williams from trying to harm himself after the first attempt. The jury returned guilty verdicts.

On appeal, Williams argues that the trial court erred in allowing him to stipulate to his competency instead of holding a competency hearing. Florida Rule of Criminal Procedure 3.210(b) sets forth the procedure for determining a defendant's competence to proceed as follows:

> (b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court <u>shall immediately</u>

---

[1]Williams filed numerous pleadings in which he generally asserted that he was a secret agent on a mission and that the government was conspiring against him. His pleadings resulted in subpoenas for numerous governmental officials including the President of the United States.

enter its order setting a time for a hearing to determine the defendant's mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

(Emphasis added.)

Under the plain language of rule 3.210(b), the terms "shall" and "immediately" reflect that a hearing is mandatory. Dougherty v. State, 149 So. 3d 672, 677 (Fla. 2014). The "written reports are advisory to the trial court, 'which itself retains the responsibility of the decision.' " Id. at 678 (quoting McCray v. State, 71 So. 3d 848, 862 (Fla. 2011)). Under these circumstances a defendant may not waive his or her right to a competency hearing even if the experts unanimously find the defendant competent to proceed. Id.

Because the trial court erroneously allowed Williams to stipulate to his competency, we must reverse. We note that a new trial will not be necessary if there is sufficient evidence in the record for the court to make a nunc pro tunc competency evaluation. See id. at 679. But if the court cannot conduct a competency evaluation in a manner that comports with due process, it must grant Williams a new trial.

Reversed and remanded.


LaROSE and MORRIS, JJ., Concur.

- 3 -