IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OTIS BLAXTON,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-318

Opinion filed March 17, 2016.

An appeal from the Circuit Court for Bradford County.
Robert Groeb, Judge.

Nancy A. Daniels, Public Defender, and A. Victoria Wiggins, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, for Appellee.

PER CURIAM.

      In this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), this Court's review of the record revealed that Appellant's competency was questioned, but the record below did not include a competency evaluation or reflect that the trial court conducted a hearing or issued an order on Appellant's competency. We

therefore issued an order pursuant to State v. Causey, 503 So. 2d 321 (Fla. 1987), requiring Appellant's counsel to address these issues. After providing supplements to the record, Appellant's counsel filed an amended brief advising that, although Appellant's trial counsel stated on the record at a pre-trial hearing that he knew the evaluating expert had concluded that Appellant was competent to stand trial and "there's no legal issue in that area to prevent us from going forward," there is no evidence in the record that the trial court reviewed the competency evaluation report or entered an order adjudicating Appellant competent to proceed. The State then filed with this Court supplemental records including a copy of the competency evaluation report, which did conclude that Appellant was competent to proceed to trial. However, it appears the report itself has not yet been filed with the clerk of the lower tribunal, and the record does not reflect that the requirements of judicial review and adjudication of competency were met below.

As we held recently in Brooks v. State, 180 So. 3d 1094, 1096 (Fla. 1st DCA 2015), these circumstances require that we reverse and remand for adjudication of whether Appellant was competent at the time he was tried:

> Because there is no indication that the trial court conducted a competency hearing or ruled on Brooks' competency, we are compelled to reverse the judgments and sentences. On remand, the court shall hold a hearing to determine Brooks's competency to stand trial. If there is evidence that existed previously which supports a finding that Brooks was competent at the time of trial, the court may make a determination of competency, *nunc pro tunc,* with no change in the judgment. . . . However, if the court cannot make a retroactive

determination, it must properly adjudicate Brooks's present competency and, if Brooks is competent to proceed, conduct a new trial.

Here, unlike in Brooks, it is undisputed that a competency evaluation was completed. Therefore the trial court may be able to find, *nunc pro tunc*, that Appellant was competent at the time of his previous trial. This does, however, require a hearing and entry of an order adjudicating Appellant competent *nunc pro tunc* to the date of his trial. Id.; see also Cotton v. State, 177 So. 3d 666, 668 (Fla. 1st DCA 2015) (requiring competency hearing on remand).

REVERSED and REMANDED for further proceedings.

WOLF, THOMAS, and KELSEY, JJ., CONCUR.