DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENDRICK SILVER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3961

[May 25, 2016]

Petition for writ of habeas corpus to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Karen M. Miller, Judge; L.T. Case No. 2007CF008020CXX.

Kendrick Silver, Miami, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Kendrick Silver filed a petition alleging ineffective assistance of appellate counsel (IAAC). We treat the petition as a petition for a writ of habeas corpus, and grant the petition in part, finding merit in one of his three grounds, claiming appellate counsel should have argued that the trial court erred in proceeding to trial without holding a competency hearing in accordance with Florida Rule of Criminal Procedure 3.210. We vacate the challenged convictions and sentences because the trial court appointed experts to examine Silver to determine whether he was competent to proceed, but never held a competency hearing or ruled on his competence before he was tried.

Following a jury trial, Silver was found guilty of three counts of attempted second degree murder, and one count each of petit theft and assault. This Court affirmed the direct appeal. *Silver v. State,* 149 So. 3d 54 (Fla. 4th DCA 2014).

Silver alleges that the trial court appointed two experts to examine him for competency to stand trial, but neither examined him. The State has

not refuted his allegations. The record contains orders appointing the two experts, who were directed to submit, to the trial court and to counsel for both sides, written evaluations of his competence to proceed pursuant to Florida Rule of Criminal Procedure 3.211(a) and any recommended treatment pursuant to rule 3.211(b). However, the record contains no doctor's reports, no hearing on Silver's competence, and no order on the matter.

The direct appeal record does not indicate what caused Silver's competence to be questioned. During the hearing when the experts were appointed, trial counsel referred to the motion he had filed to determine competence to proceed, but no such motion was found in the record on appeal. Nevertheless, a trial court's appointing experts to evaluate a defendant's competency suggests there were reasonable grounds to do so. *See Reynolds v. State*, 177 So. 3d 296, 298 (Fla. 1st DCA 2015) ("Here, the trial court apparently had reasonable grounds to believe that Appellant was not competent to proceed because the court appointed an expert to evaluate Appellant.").

"[O]nce a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing." *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011) (citing *Mairena v. State*, 6 So. 3d 80, 85 (Fla. 5th DCA 2009); *Carrion v. State*, 859 So. 2d 563, 565 (Fla. 5th DCA 2003)). "There does not appear to be any discretion on the part of the trial court once it makes the determination that there are reasonable grounds to believe that the defendant is not mentally competent. If the trial judge has reasonable grounds to believe that a criminal defendant is not competent to proceed, then the court must conduct a competency hearing." *Carrion*, 859 So. 2d at 565. The fact that the experts' reports were not filed and the trial court did not adjudicate Silver competent to proceed would have entitled him to a reversal on direct appeal. *See Blaxton v. State*, 41 Fla. L. Weekly D699, 2016 WL 1051813 (Fla. 1st DCA Mar. 17, 2016) (reversing conviction where defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), but court's own examination of record revealed that competency evaluation report had not been filed and record did not reveal compliance with requirements of judicial review and adjudication of competency). Accordingly, we determine that Silver demonstrated he was prejudiced by appellate counsel's omission.

The State asserts that if relief is warranted, a retroactive inquiry into Silver's competency will suffice, as in *Cotton v. State*, 177 So. 3d 666, 668-69 (Fla. 1st DCA 2015), and *Monte*, 51 So. 3d at 1203. These decisions provide that, on remand, the trial court might be able to make a retroactive

determination of the defendant's competency at the time of the trial or hearing in question, if evidence exists to support such a determination.  If not, a new trial or hearing would be required after a determination of the defendant's present competency.

"[A] hearing to determine whether a defendant was competent at the time he was tried generally cannot be held retroactively." *Tingle v. State*, 536 So. 2d 202, 204 (Fla. 1988).  The failure to conduct a competency hearing generally requires reversal of the conviction and sentence and remand for a new trial after the defendant has been determined to be competent.  *Id.*  But the supreme court has recognized that "a nunc pro tunc competency evaluation" is possible if "'a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial'" are available.  *Dougherty v. State*, 149 So. 3d 672, 679 (Fla. 2014) (quoting *Mason v. State*, 489 So. 2d 734, 737 (Fla. 1986)). The remedy depends on the circumstances being sufficient to assure the defendant due process of law.  *Id.* at 679.

In the event that evidence which existed at the time of trial supports a finding that Silver was competent at that time, the trial court on remand may make that determination nunc pro tunc, and reimpose Silver's convictions and sentences.  Otherwise, it must adjudicate his current competency and, if he is competent, conduct a new trial.  *Dougherty*; *Cotton*; *Monte*; *Blaxton.*

*Petition Granted; Convictions and Sentences Reversed; Cause Remanded with Instructions.*

GROSS and DAMOORGIAN, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**