May, J,
The defendant appeals his conviction and sentence for resisting without violence, burglary of a dwelling, and third degree grand theft. He argues the trial court erred in three ways: (1) failing to rule on his competency; (2) denying his motion for judgment of acquittal; and (3) instructing the jury on recently stolen property. We find merit in his argument that the trial court erred in failing to rule on a pending competency issue, but no merit in the remaining issues. We reverse and remand.
The State charged the defendant with grand theft auto, burglary of a dwelling, and resisting an officer without violence. While the charges were pending, the defendant moved for a competency examination. Defense counsel argued the de *1191 fendant had a .documented intellectual disability, was unable to describe the role of a judge or jury, was unable to provide pertinent facts, and did not appreciate the nature of the possible penalties. The court granted the motion.
Within the order, the court named an evaluator and requested a report be submitted to the court. At a later status hearing, the court minutes note that the competency issue was addressed, but the record fails to reflect that the competency evaluation had been conducted or a report received.
A new judge presided at the following status hearing, and a new prosecutor appeared for the State. The same defense counsel, who filed the motion for competency evaluation, represented the defendant throughout trial and sentencing.
The record fails to reflect that either judge ruled on the competency issue.
The defendant was convicted. The trial court sentenced the defendant to twenty years in prison. From his conviction and sentence, the defendant appeals.
The defendant argues the trial court erred in failing to determine his competency after having reasonable grounds to do so. While the trial court ordered an evaluation, no report was ever filed and no hearing was conducted. The State responds that the trial court granted the defendant’s request for a competency evaluation. It suggests that the hearing may have taken place, but concedes we should remand for a retroactive determination of competency, if possible.
We have de novo review. Presley v. State, 199 So.3d 1014, 1017 (Fla. 4th DCA 2016).
“[O]nce a trial court has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing.” Monte v. State, 51 So.3d 1196, 1202 (Fla. 4th DCA 2011); Fla. R. Crim. P. 3.210-3.212.
Our recent decision in Silver v. State, 193 So.3d 991 (Fla. 4th. DCA 2016) is instructive. There, the trial court appointed two experts to examine the defendant for competency, but neither did so. Id. at 993. The record contained orders appointing the experts and requiring written evaluations, but no reports, competency hearings, or later orders on the matter. Id. “The fact that the experts’ reports were not filed and the trial court did not adjudicate [the defendant] competent to proceed ... entitled him to a reversal on direct appeal.” Id.
Here, the defendant had a documented intellectual disability. Defense counsel advised that the defendant was unable to communicate adequately with counsel and did not understand the proceedings or penalties. The trial court found these grounds reasonable and ordered a competency evaluation. But, no report was filed, no hearing was conducted, and no order was entered.
We therefore reverse and remand the case to the trial court. If the evidence at the time of trial indicates that the defendant was competent at the time, then the trial court may make that determination nunc pro tunc and reimpose the conviction and sentence. Silver, 193 So.3d at 994. If not, the trial court must adjudicate the defendant’s current competency. Id. Should the trial court determine he is competent, it must conduct a new trial. Id.

Reversed and Remanded.

Klingensmith and Kuntz, JJ., concur.