DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GIL CAMACHO,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D16-4064

[ July 26, 2017 ]

Petition for writ of habeas corpus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Melinda Brown, Judge; L.T. Case No. 11-012367CF10A.

Gil Camacho, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for Respondent.

MAY, J.

The petitioner alleges ineffective assistance of appellate counsel (IAAC) in failing to raise seven issues on appeal. We find merit in the fourth issue and grant the petition solely on that ground. That issue concerns the trial court's failure to hold a competency hearing after appointing experts to evaluate petitioner's competency.

The State charged the petitioner with attempted first-degree murder with a weapon and false imprisonment. He was convicted of attempted second-degree murder and sentenced. We affirmed. *Camacho v. State*, 192 So. 3d 568 (Fla. 4th DCA 2016).

In this proceeding, the petitioner alleged appellate counsel was ineffective for failing to argue on appeal that:

(1) his probation was illegally ordered to run concurrent with his period of incarceration;

(2) double jeopardy barred his sentences;

(3) his scoresheet improperly listed the primary offense of attempted second-degree murder as a level 9 offense rather than a level 8 offense. And, the scoresheet incorrectly included points for severe victim injury without a jury finding;

(4) the trial court failed to hold a competency hearing after appointing experts to evaluate competency;

(5) trial counsel was ineffective for advising him not to testify at sentencing;

(6) other grounds supported a reversal on the denial of the motion to suppress; and

(7) the court erred in admitting inflammatory photographs of the victim's injuries and bandages.

In his fourth point, the petitioner argues his appellate counsel was ineffective for failing to argue the trial court erred in not holding a competency hearing and ruling on the issue after appointing experts to evaluate his competency. Although the trial court docket reflects the court held a hearing on defendant's competency on October 25, 2013, the order merely provides: "Mr. Camacho was present in Court this morning for a status hearing." There is no other indication in the record of any ruling on the competency issue.

The State responds the defendant aided in his defense demonstrating his competence, but acknowledges that the case may need to be remanded for a retroactive determination of Camacho's competency.

"The criteria for proving ineffective assistance of appellate counsel parallel[s] the *Strickland* standard for ineffective trial counsel." *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000) (citation omitted). "If a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective." *Id.* (citation omitted).

We have previously granted an IAAC petition on essentially the same facts. *Silver v. State*, 193 So. 3d 991 (Fla. 4th DCA 2016). There, the trial court ordered two experts to evaluate the defendant's competency and to submit written evaluations. *Id.* at 993. The case later proceeded to trial,

2

but the record contained "no doctor's reports, no hearing on Silver's competence, and no order on the matter." *Id.*

We held the trial court was required to conduct a competency hearing after appointing experts to evaluate Silver's competency because the appointment of experts suggested there were reasonable grounds to believe Silver was not competent. *Id.* Nevertheless, we recognized that a retroactive determination of competency may be possible if "a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial" were available. *Id.* at 994 (citations omitted).

Here, the petitioner should be afforded the same relief. We therefore grant the petition as to ground four only and remand to the trial court for proceedings consistent with this opinion.

WARNER and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***