DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NICHOLAS PAUL RAITHEL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-3196

[August 30, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562015CF000332A.

Carey Haughwout, Public Defender, and J. Woodson Isom, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction and sentence for making a false report of a bomb. He argues that his trial counsel was ineffective in failing to move to suppress his 211 call[1] as protected by the psychotherapist-patient privilege; and the trial court erred in (1) denying his motion for judgment of acquittal; (2) proceeding to trial without determining his competency; and (3) imposing a $2,351 public defender lien. We find merit in his arguments concerning the competency issue and in the imposition of the public defender lien. We therefore reverse and remand the case.

The defendant has a history of mental illness, a brain injury, and a low IQ. He called 211, stating that he "made a bomb" and "blew up" himself. He told the 211 operator that he drank vodka and wanted to die.

When officers arrived, they found him heavily intoxicated and belligerent. He told the officers he did not have a bomb, but was "goofing

---

[1] 211 is the phone number of an information and referral call center, which also takes crisis calls.

off" because he had an argument with his girlfriend. The officers searched the residence, but did not find a bomb. They arrested the defendant for false reporting of a bomb.

Prior to trial, defense counsel twice moved to have the defendant evaluated for competency. Within these motions, the defendant waived his right to the required hearing. The trial court entered orders directing examination of the defendant and appointing doctors. The trial court noted the defendant's waiver of the hearing and stated that defense counsel could schedule a competency hearing should it become necessary.

A doctor conducted the evaluation. After the defendant rejected a plea offer, the court asked whether all issues had been resolved in the case. Defense counsel replied: "Yes, Your Honor. I had him evaluated and he's competent to proceed."

At trial, the attorneys had difficulty communicating with the defendant and getting him to directly answer questions. At the charge conference, the following dialogue took place:

> THE COURT: Has there been a mental health evaluation, competency evaluation regarding this case?
>
> [DEFENSE COUNSEL]: There was, Your Honor. He was found competent to proceed.
>
> THE COURT: Okay.
>
> [DEFENSE COUNSEL]: It was not confidential. If Your Honor wants to review it before --
>
> THE COURT: No. It may become relevant later on.

The State presented testimony of the 211 operator and two police officers. Defense counsel moved for a judgment of acquittal, arguing that the State failed to prove the defendant's statement was a report that a bomb had been placed or planted, and that it was made with an intent to deceive. The trial court denied the motion. A jury found the defendant guilty of falsely reporting a bomb.

The trial court discussed sending the defendant to mental health court, commenting:

> [I]t's also part of the illness. . . . I'm going to get him help.

2

> There's no doubt in my mind . . . this gentleman needs help. . . . Even during this trial, even the way he's acting now, everything indicates this man is screaming out for help. And we need to figure out what to do.

The court acknowledged the prior competency evaluation, and asked that the same doctor again evaluate the defendant. The doctor submitted a report summarizing his examination of the defendant. The report was prepared to "determine mitigating factors which should be addressed and considered by the court during sentencing."

The doctor recommended a residential or inpatient setting. "[W]ithout treatment, his mental state will continue to deteriorate to the point where he will be unable to take care of himself and will become a danger to himself and possibly to others." Defense counsel also provided the court with a forensic report from a mental health facility.

The trial court placed the defendant on community control for a period of one year, followed by three years of probation. The defendant objected. He requested a *Nelson*[2] hearing. The court responded that his arguments would be preserved for appeal.

The court ordered the defendant to be directly transported to a mental health facility. After the court announced the defendant's court costs, defense counsel stated that the public defender fee was announced as $500 but should have been $1,500 because there was a trial.[3] The court asked if the defendant had an issue with costs, and the defendant stated: "Yeah, I do. I have an issue with the whole f- - - - g thing. I have an issue with everything."

The defendant voluntarily absented himself from the proceedings after yelling an expletive in court. The court then modified his sentence to standard probation, attending and completing mental health court, and completing a 28-day inpatient treatment program. The court discussed the concerns of the defendant consenting to the program, and defense counsel stated he would try to get the defendant to comply, "[b]ut in the last four or five months, his preferred communication is for me to stand there and let him yell at me and curse at me."

In his third issue, the defendant argues the trial court erred in

---

[2] *Nelson v. State*, 274 So. 2d 256 (Fla. 4th DCA 1973).
[3] However, the final judgment for costs lists a $2,351 public defender fee. The court added $273 for depositions and $578 for mental health evaluation costs.

proceeding to trial and sentencing without determining whether he was competent. He argues that a de novo review of the record strongly suggests that he should have been found incompetent to proceed. The State responds the sole reason the trial judge did not determine competency was because the defense never set a hearing after receiving a report concluding the defendant was competent. The State argues any error must be viewed as invited.

We review "a trial court's decision regarding whether to hold a competency hearing [for] an abuse of discretion." *Deferrell v. State*, 199 So. 3d 1056, 1060 (Fla. 4th DCA 2016) (quoting *Kelly v. State*, 797 So. 2d 1278, 1280 (Fla. 4th DCA 2001)).

We first acknowledge and commend the trial court for its expressed concern for the defendant's issues and in fashioning a sentence to address those issues that led to the defendant's arrest and conviction. It is clear that the trial court was aware of the defendant's history and strived to sentence the defendant in a way that both protected the public and yet rehabilitated the defendant to the extent possible.

However, both the rules of criminal procedure and case law require a hearing and a judicial determination of the defendant's competency once the defendant's competency is questioned. *See Zeiler v. State*, 220 So. 3d 1190, 1191 (Fla. 4th DCA 2017); *Dougherty v. State*, 149 So. 3d 672, 677 (Fla. 2014); Fla. R. Crim. P. 3.210-3.212.

It is apparent that this circuit has employed a process which allows defense counsel to waive a competency hearing and request such a hearing only when defense counsel deems it necessary. Both of the defendant's motions for a competency determination included language waiving the required competency hearing. The trial court's orders granting these motions acknowledged the defendant's waiver of the hearing and ordered the defendant to schedule a competency hearing should it become necessary.

Just before jury selection, the trial court asked whether all issues were resolved, and defense counsel responded: "Yes, Your Honor. I had him evaluated and he's competent to proceed." The record fails to reveal that the competency evaluation was reviewed by the trial court, that a hearing was held, or an order determining competency was entered.

Prior to sentencing, the court ordered the defendant to be evaluated again to determine if there were any factors the court should consider in sentencing him. While the report concluded that the defendant had

4

several mental issues, competency was not addressed in this report. Rather, the report made recommendations regarding placement of the defendant in an inpatient facility.

The State argues that the reason the trial court did not make a competency determination is because defense counsel never scheduled a hearing nor presented a report to the trial court. It argues the defense invited the error. *See Pope v. State*, 441 So. 2d 1073, 1076 (Fla. 1983) ("A party may not invite error and then be heard to complain of that error on appeal.").

This argument does not apply in a competency context. It is true that defense counsel should have requested a competency hearing and a court ruling on the defendant's competency. But, nowhere in Rule 3.210 does it allow a waiver of the hearing in the first place, and case law clearly requires a competency hearing and order whenever a competency concern arises. *See* Fla. R. Crim. P. 3.210; *Monte v. State*, 51 So. 3d 1196, 1202 (Fla. 4th DCA 2011). In fact, we have specifically held that "even an *express* waiver of a hearing does not comport with the [rule]." *Deferrell*, 199 So. 3d at 1061.

> Two important details arise from this analysis. First, even if the evaluations unanimously agree that the defendant is competent, the court still must conduct a hearing. Second, in response to the State's argument that Deferrell waived his right to a hearing by not continuously requesting one, *Williams* clearly stands for the proposition that even an *express* waiver of a hearing does not comport with the [rule]. It logically follows then, that an *implicit* waiver also would not serve to bypass the requirements of the [rule].

*Id.*

We therefore reverse and remand the case to the trial court. If the evidence indicates that defendant was competent at the time of trial, the trial court may make that determination nunc pro tunc and reimpose his conviction and sentence on remand. *Silver v. State*, 193 So. 3d 991, 994 (Fla. 4th DCA 2016). If not, the trial court must adjudicate his current competency and conduct a new trial only if it finds him competent. *Id.*

*Reversed and Remanded.*

GROSS and FORST, JJ., concur.

5

*      *      *

*Not final until disposition of timely filed motion for rehearing.*