Per Curiam.
The defendant petitions for a writ of habeas corpus. He argues his appellate counsel provided ineffective assistance of counsel on direct appeal by failing to argue the trial court erred in not holding a competency hearing after having ordered a competency evaluation. We agree and grant the petition.
Prior to trial, defense counsel moved for a psychological examination stating that she had "reasonable grounds to believe that the Defendant is incompetent to proceed." The trial court granted the motion and set a hearing within twenty days as required by Florida Rule of Criminal Procedure 3.210(b). On the date of the hearing, neither the defendant nor his new attorney appeared. The defendant was in jail at the time and not transported for the hearing.
The prosecutor informed the court that she spoke with defense counsel who believed the hearing was set in error. The judge explained that there was no error and the hearing was set as required by the rule. No competency hearing was held. The defendant was subsequently convicted at trial.
On direct appeal, appellate counsel raised two issues related to a conflict of interest with the defendant's trial counsel, but did not raise the competency issue. See Flaherty v. State , 221 So.3d 633, 634 (Fla. 4th DCA 2017). We affirmed. Id .
The defendant now argues that, on direct appeal, his appellate attorney should have raised the failure to hold a competency. See Baker v. State , 221 So.3d 637, 639 (Fla. 4th DCA 2017). We agree.
When a trial court orders an evaluation, it suggests there are reasonable grounds to believe the defendant is incompetent. Silver v. State , 193 So.3d 991, 993 (Fla. 4th DCA 2016). Once a trial court finds reasonable grounds to believe a defendant is incompetent, it must conduct a competency hearing. Monte v. State , 51 So.3d 1196, 1202 (Fla. 4th DCA 2011).
Merely setting a hearing is not enough. Deferrell v. State , 199 So.3d 1056, 1059-61 (Fla. 4th DCA 2016). Rule 3.210(b) requires the court to actually conduct the competency hearing. Id . at 1060-61. Trial counsel cannot implicitly or expressly waive the competency hearing. Raithel v. State , 226 So.3d 1028, 1032 (Fla. 4th DCA 2017) (rejecting the State's argument that defense invited the error); Deferrell , 199 So.3d at 1061. The right to the court's independent competency determination cannot be waived. Sheheane v. State , 228 So.3d 1178, 1180-81 (Fla. 1st DCA 2017).
Here, the trial court did not conduct the competency hearing or otherwise determine *1189 the defendant was competent to proceed. That failure constitutes fundamental error requiring reversal. Dortch v. State , 242 So.3d 431, 433 (Fla. 4th DCA 2018), rev. granted , No. SC18-681, 2018 WL 3635017 (Fla. July 11, 2018).
We have previously recognized that appellate counsel is ineffective for failing to raise the competency issue on direct appeal. Silver , 193 So.3d at 993. We therefore grant the petition and remand the case to the trial court to conduct a retroactive competency determination if possible or to adjudicate the defendant's current competency and conduct a new trial. Id . at 993-94.
Petition granted.
Gerber, C.J., May and Kuntz, JJ., concur.