DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COURTNEY ZIELER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3408

[July 31, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432014CF000380A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

The defendant appeals the circuit court's *nunc pro tunc* order adjudicating him competent to proceed at the time of trial. We dismiss the appeal for lack of jurisdiction.

In the defendant's prior appeal, this Court reversed and remanded, stating:

> We therefore reverse and remand the case to the trial court. If the evidence at the time of trial indicates that the defendant was competent at the time, then the trial court may make that determination *nunc pro tunc* and reimpose the conviction and sentence. *Silver[ v. State]*, 193 So. 3d [991, 994 (Fla. 4th DCA 2016)]. If not, the trial court must adjudicate the defendant's

> current competency. *Id.* Should the trial court determine he is competent, it must conduct a new trial. *Id.*

*Zieler v. State* (*Zieler I*), 220 So. 3d 1190, 1191 (Fla. 4th DCA 2017).[1]

On remand, the circuit court held a hearing to determine whether it could make a *nunc pro tunc* competency determination. After the hearing, the court entered an order finding the defendant competent at the time of trial. The court's order concluded by stating: "At this time, the defendant is to be returned to the Department of Corrections to continue to serve his sentence."

The defendant appeals the court's *nunc pro tunc* competency determination. But the circuit court did not reimpose the original conviction and sentence as this Court mandated in *Zieler I,* and an order determining competency is not independently reviewable. *See, e.g., Pamphile v. State,* 260 So. 3d 1185, 1185-86 (Fla. 1st DCA 2018). Until the circuit court reimposes the original conviction and sentence, this Court lacks appellate jurisdiction to review the circuit court's *nunc pro tunc* competency determination.

As a result, we dismiss the appeal with instructions that the circuit court reimpose the original conviction and sentence. *See Zieler I,* 220 So. 3d at 1191. The defendant need not be present when the court completes the ministerial task of reimposing the sentence. *See Naugle v. State,* 244 So. 3d 1127, 1128 (Fla. 4th DCA 2018).

*Dismissed.*

LEVINE, C.J., and BOATWRIGHT, JOE, Associate Judge, concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[1] We issued *Zieler I* before our en banc opinion in *Machin v. State,* 267 So. 3d 1098 (Fla. 4th DCA 2019) (en banc). For this case, we proceed in accordance with the mandate of *Zieler I.*