IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

JUNIOR JOSEPH,

    Petitioner,

  v.

                                    Case No.  5D22-1656
                                    LT Case No. 2008-CF-008683-A-O

STATE OF FLORIDA,

    Respondent.

_____/

Opinion filed November 14, 2022

Petition for Belated Appeal,
A Case of Original Jurisdiction.

Junior Joseph, Milton, pro se.

No Appearance for Respondent.

PER CURIAM.

     In this successive belated appeal petition, Junior Joseph seeks review

of the trial court's order finding him competent to proceed.[1] Previously, this

Court granted Joseph's habeas corpus petition and ordered the trial court to

---

[1] The first petition was dismissed.

either make a retroactive finding of competency or grant Joseph a new trial. See Joseph v. State, 244 So. 3d 416, 416–17 (Fla. 5th DCA 2018) (citing Camacho v. State, 225 So. 3d 272 (Fla. 4th DCA 2017)). In granting that petition, we observed that the trial court appointed experts to evaluate Joseph and held a competency hearing, but failed to enter an order adjudicating Joseph competent to proceed. Id. at 416. On remand, a written order on competency was retroactively rendered, but the trial court did not re-enter Joseph's judgment and sentence.

The trial court's nunc pro tunc order finding Joseph competent is not independently appealable under Florida Rule of Appellate Procedure 9.140(b). Pamphile v. State, 260 So. 3d 1185, 1186 (Fla. 1st DCA 2018) ("On remand, the circuit court issued a *nunc pro tunc* order on the competency issue, but did not re-enter the judgments and sentences. An order on competency is not independently reviewable under rule 9.140(b), Florida Rules of Appellate Procedure."). The circumstances of this case are identical to those in Pamphile.  As such, we dismiss Joseph's successive petition for belated appeal without prejudice to Joseph to petition the trial court for re-entry of the original judgment and sentence so that Joseph may obtain review of that order. See id.

DISMISSED.

2

COHEN, TRAVER and SASSO, JJ., concur.