CONNER, J.
Barrington Deferrell appeals his judgments and sentence after he was sentenced to forty-eight months in the Department of Corrections based on a violation of probation and substantive new law violation. Deferrell argues that the trial court erred in failing to hold a competency hearing and submit an order determining competency and also in failing to hold a Faretta[1] hearing. We agree with both arguments and reverse.

Factual Background and Trial Court Proceedings

In 2011, Deferrell was placed on probation for four years for attempted burglary of a dwelling and preventing or obstructing the extinguishment of a fire charges. In May 2012, Deferrell was arrested and formally charged with three crimes. The new law charges also served as the basis for a violation of probation (“VOP”) proceeding.
During the pendency of the proceedings in both cases, several hearings were held which are relevant to the determination of the issues on appeal. At a May 2013 status hearing, after voicing some general complaints about his attorney’s lack of communication with him, Deferrell addressed the trial court:
THE DEFENDANT: I can’t speak to you now?
THE COURT: Yes.
THE DEFENDANT: Alright. I got a problem with my attorney. I don’t want him no longer as my attorney.
THE COURT: Okay.
THE DEFENDANT: And I would like to represent myself if I can do that.
THE COURT: Then we’re going to schedule this for hearing. But sir, you do understand what it means in a very serious case like this to represent yourself.
THE DEFENDANT: I understand.
THE COURT: I’ll set this down for a hearing and I’m going to encourage you to think about this. Alright? June 21st, sir. June 21st for Mr. Barrington. I’m sorry. Deferrell. Okay? June 21st.
THE DEFENDANT: And that’s for what?
THE COURT: A Faretta hearing. Alright, sir?
In June 2013, Deferrell filed a pro se motion to discharge his case based on speedy trial grounds, inserting a handwritten notation on the bottom of the form motion: “Been waiting to go to trial since 12/10/12 [his public defender] refuse violating my rights.” On the same date, Defer-rell filed a pro se motion for a Nelson[2] hearing, with the same handwritten notation, with the addition of: “Cancel my Ferratta [sic] hearing without my consent.” Deferrell also wrote another letter to the trial court judge, in June 2013, stating:
I’m having a lot of problems with defense counsel were [sic] twice I ask for a nelson hearing “Ferrata [sic] hearing” to have him off my case. My Public defender ... has lied to and violated my amendment rights, he has without consent giving up my speedy trial rights, violated my 6th amendment.
[[Image here]]
Judge Rosenthal in your favor I’m asking again for a ferratta [sic] hearing which I had a court date on 6-21-2013 “ferratta [sic] hearing” but was cancel with out [sic] question.
*1059 Another hearing was held in July 2013, where Deferrell’s attorney expressed concerns as to Deferrell’s competency to proceed. The trial court noted the fact that there had already been two competency evaluations, with both evaluators opining that Deferrell is competent. However, Deferrell’s public defender stated that he did not believe that Deferrell was competent to proceed. Deferrell himself then addressed the trial court, stating that he wanted to go to trial and wanted his public defender off his case if he would not go to trial, and the trial court acknowledged that Deferrell filed a motion for a Nelson inquiry. The trial court stated that it would “take care of that,” and that it was “making a little note.” The trial court then stated that it was going to set the ease for a Nelson hearing, and set the case for a date at the end of the month, to “discuss how we’re going to proceed.”
In late July 2013, Deferrell’s case was called and the following transpired:
THE COURT: Barrington Deferrell.
[[Image here]]
THE DEFENDANT: Excuse me, ma’am. This is supposed to be a Faret-ta hearing.
THE COURT: No. Today is a status hearing, sir. It’s not a Faretta hearing.
[PUBLIC DEFENDER]: I actually understood it to be a Nelson slash Faretta.
THE COURT: No. I set it for a status hearing today. Not a Faretta hearing. Because, can you call Court Services? I’m ordering another one.
[PUBLIC DEFENDER]: Ordering a what?
THE COURT: Another exam.
[PUBLIC DEFENDER]: Oh, please. Thank you.
[STATE]: And Your Honor, for the record, the State would object.
THE COURT: I understand. I’m ordering another one. So could you bring up Court Services on Mr. Deferrell?
[[Image here]]
THE COURT: Counsel. I’m sorry. Court Services. Based on the representations that were made by counsel, I am going to go ahead and order a third exam.
[PUBLIC DEFENDER]: We appreciate that, Your Honor.
THE COURT: You pick the doctor on Mr. Deferrell.
[PUBLIC DEFENDER]: Barrington is his name.
THE COURT: I know you all have two priors, but I’m ordering a third.
COURT SERVICES: I’ll put in a doctor real quick.
THE COURT: I know that there was an issue, but I am ordering a third.
The same day, the trial court entered a written order appointing an expert to determine competency, stating:
It appearing unto this court that there are reasonable grounds to believe that the Defendant is not mentally competent to proceed at this material state of the criminal proceeding, it is [ordered that a third evaluation shall be submitted].
Within the same order, the trial court also set a next court date, presumably for a hearing on the competency issue in compliance with Florida Rule of Criminal Procedure 3.210(b), which requires a court date to be set within twenty days of the order. In early August 2013, the trial court entered an order stating: “In addition to determining defendant’s competency to proceed in this case and in [the VOP case], Dr. [name] shall evaluate for competency to proceed ‘pro se’ in both cases.”
Two days later, a competency evaluation by the appointed doctor was filed with the court, finding Deferrell competent to pro *1060 ceed and “[competent to waive his Sixth Amendment right to counsel and proceed Pro Se should he choose to do so and be permitted by The Honorable Court.”
The next day, another status hearing was held. Deferrell’s attorneys indicated that Deferred wished to have a nonjury trial for the new law charges, with a VOP hearing at the same time. When asked directly, Deferred stated that he wanted’ to do this as “[s]oon as possible.”
At the end of August 2013, the joint nonjury trial on the new charges and VOP hearing was held. The trial court found that Deferred willfully and substantially violated his probation, revoked Deferred’s probation, and sentenced him to forty-eight months of incarceration on each of the charges in the VOP case, to run concurrently with the forty-eight month sentences on two of the felonies in the new case. He was sentenced to time served on the misdemeanor charge in the new case. Deferred gave notice of appeal.

Appellate Analysis

Deferred makes two arguments on appeal, and we agree with both. First, he argues that the trial court erred in failing to hold a competency hearing and enter an order determining his competency status. Second, he argues that the trial court erred in failing to hold a Faretta hearing.

Competency Hearing and Order

“This court’s standard of review of a trial court’s decision regarding whether to hold a competency hearing is an abuse of discretion.” Kelly v. State, 797 So.2d 1278, 1280 (Fla. 4th DCA 2001) (citing Hodgson v. State, 718 So,2d 330, 331 (Fla. 4th DCA 1998)).
The procedure for determining a defendant’s competency is outlined in Florida Rule of Criminal Procedure 3.210(b), which states:
(b) Motion for Examination. If, at any material stage- of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its .order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.
Fla. R. Crim. P. 3.210(b) (emphases added). Here, in its order, the trial court stated:
It appearing unto this court that there are reasonable grounds to believe that the Defendant is not mentally competent to proceed at this material state of the criminal proceeding, it is [ordered a third evaluation shall be submitted],
(emphasis added). Therefore, the trial court expressly stated that it found reasonable grounds to believe that Deferrell was not mentally competent to proceed.
Rule 3.210(b) then states that, after reasonable grounds are found, “the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition.” (emphasis added). Clearly, the rule contemplates a hearing within twenty days after a motion for an evaluation is filed, if the motion is granted (or the court orders an evaluation sua sponte).
In its order, the trial court did set a hearing date, and a status conference occurred on that date. However, no competency hearing occurred; in fact, no discussion of the evaluation or the report occurred on the record. Since rule *1061 3.210(b) requires that the court set the hearing, and then that the hearing “shall be held no later than 20 days after the date of the filing of the motion,” Fla. R. Crim. P. 3.210(b) (emphasis added), it was reversible error not to conduct a hearing.
Additionally, the finding regarding whether a defendant is competent to proceed is governed by Florida Rule of Criminal Procedure 3.212(b), which states:
(b) Finding of Competence. The court shall first consider the issue of the defendant’s competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed.
Fla. R. Crim. P. 3.212(b) (emphases added). Since the trial court never held a hearing, the court never issued any order finding Deferrell competent to proceed. Although the State argues that there was no need for a hearing because all three of the evaluations came back indicating that Deferrell was competent, this is inconsistent with the requirements of the law. Likewise, the State’s argument that Defer-rell waived the right to a hearing by not insisting on a hearing is without merit.
In Williams v. State, 169 So.3d 221 (Fla. 2d DCA 2015), after the defendant began proceeding pro se, the trial court, sua sponte, and based on the pro se pleadings filed by the defendant, appointed an expert to conduct a competency evaluation. Id. at 222. The evaluating doctor opined that the defendant was competent to proceed. Id. At a hearing, the trial court asked if the defendant wished to stipulate to his competency instead of having a- competency hearing. Id. The defendant agreed, proceeded to trial, and was found guilty. Id. at 222-23. On appeal, the defendant argued that the trial court erred in asking him to stipulate to competency, instead of holding a hearing. Id. at 223. The Second District quoted the language of rule 3.210(b), explaining that:
Under the plain language of rule 3.210(b), the terms “shall” and “immediately” reflect that a hearing is mandatory. Dougherty v. State, 149 So.3d 672, 677 (Fla.2014). The “written reports are advisory to the trial court, ‘which itself retains the responsibility of the decision.’ ” Id. at 678 (quoting McCray v. State, 71 So.3d 848, 862 (Fla.2011)). Under these circumstances a defendant may not waive his or her right to a competency hearing even if the experts unanimously find the defendant competent to proceed. Id. -
Id. Two important details arise from this analysis. First, even if the evaluations unanimously agree that the defendant is competent, the court still must conduct a hearing. Second, in response to the State’s argument that Deferrell waived his right to a hearing by not continuously requesting one, Williams clearly stands for the proposition that even an express waiver of a hearing does not comport with the statute. It logically follows then, that an implicit waiver also , would not serve to bypass the requirements of the statute.
Failure to Hold a Faretta Hearing
“The failure of a trial court to hold a Faretta hearing to determine whether the defendant could represent himself is per se reversible error that entitles a defendant to a new trial.” Harden v. State, 152 So.3d 626, 627 (Fla. 3d DCA 2014) (citing Tennis v. State, 997 So.2d 375, 379 (Fla.2008)). Additionally, “Florida law is clear that a trial court’s failure to hold a Faretta hearing is not subject to a harmless error analysis, and is per se reversible error.” Laramee v. State, 90 So.3d 341, 344 n. 6 (Fla. 5th DCA 2012).
“Under the United States Supreme Court’s ruling in Faretta, an accused has the right to self-representation at trial. A defendant’s choice to invoke this right ‘must be honored out of that respect for *1062 the individual which is the lifeblood of the law.’ ” McCray v. State, 71 So.3d 848, 864 (Fla.2011) (quoting Tennis, 997 So.2d at 377-78). Our supreme court has explained that
“[b]efore the trial court can make a decision whether to permit the defendant to proceed pro se, the defendant’s request for self-representation must be unequivocal.” Tennis, 997 So.2d at 378 (citing State v. Craft, 685 So.2d 1292, 1295 (Fla.1996)). Moreover, once a defendant elects to make an unequivocal request for self-representation, pursuant to Far-etta and this Court’s precedent, the trial court is obligated to hold a hearing “to determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.”
Id. (alteration in original). Here, Defer-rell’s request was unequivocal, through both his in-court interactions and his written letters filed with the trial court.
The State argues that Deferrell waived this argument on appeal, since he went forward with the hearing and trial without the Faretta hearing. For this proposition, however, the State cites to cases discussing the waiver of a Nelson hearing. Additionally, courts have held that the failure to hold a Faretta hearing after an unequivocal request for self-representation is per se reversible error. See, e.g., Tennis, 997 So.2d at 379; Harden, 152 So.3d at 627. As we have stated, “[a] defendant’s unequivocal request for self-representation triggers a duty for the trial court to conduct a hearing to ‘determine whether the defendant is knowingly and intelligently waiving his right to court-appointed counsel.’ ” Jones v. State, 69 So.3d 329, 334 (Fla. 4th DCA 2011) (quoting Tennis, 997 So.2d at 378). Since the unequivocal request was made in this case, the obligation was triggered, and therefore it was error for the trial court to proceed without holding a Faretta hearing.
In Lindsey v. State, 69 So.3d 363 (Fla. 5th DCA 2011), the Fifth District also addressed the issue of waiver. In Lindsey, the trial court held an abbreviated Faretta hearing, and denied the defendant’s request to represent himself. Id. at 364. The State also argued that the defendant waived his right to attack the Faretta hearing on appeal based on waiver, but the court explained:
Even though a defendant may unequivocally request to represent himself, the right may be waived through the defendant’s subsequent conduct indicating he is vacillating on the issue or has abandoned his request altogether. A waiver occurs if it is reasonably shown that the defendant has abandoned an initial request for self-representation.
Id. at 365 (internal citation omitted). In deciding that the defendant had not waived the issue in that case, the Fifth District explained:
In the present case, however, [the defendant] never agreed to have his appointed counsel continue to represent him, nor was there any indication that [the defendant] and his counsel had resolved their differences. Moreover,' the trial judge never revisited the issue to determine whether [the defendant] continued in his desire to proceed alone. Under the circumstances of this case the passage of a few months and a subsequent trial do not amount to a waiver.
Id. at 365-66 (internal citation omitted).
Arguably, the procedural posture of this case is different from the procedural posture in Lindsey, because here the trial court never actually held a hearing. In Lindsey, the Fifth District examined a waiver claim when a defendant did not reassert his rights after an adverse ruling had been made after a hearing, whereas here, we are asked to examine a waiver claim because the defendant did not continue insisting on a Faretta hearing. *1063 However, the distinction in procedural posture between the cases, regarding waiver principles after a previous request for self-representation, is not material. In applying the factors considered in Lindsey, the record before us does not indicate that Deferrell vacillated regarding whether to represent himself, and there is nothing in the record to show that he had resolved his issues with his attorney. Although there was a colloquy on the record where Deferrell indicated his desire to go to trial as “[sjoon as possible,” there is nothing indicating Deferrell wanted to be represented, just that he wanted to go to trial and hearing as soon as possible. Additionally, it was clear that Deferrell, and even his attorney, thought that there was a scheduled Faretta hearing, after multiple pleas by Deferrell to have such a hearing. Deferrell clearly made it known that he wished to represent himself, and after multiple roadblocks of cancelled hearings and refusals to have the hearing as set, Defer-rell seemed to have finally acquiesced to his attorney representing him as a way to move the process along.
Therefore, we reverse as to both issues. Although a new trial and violation of probation hearing would not necessarily be required if we were reversing solely as to the first issue, see Williams, 169 So.3d at 223, since we are also reversing as to the issue regarding the failure to hold a Faret-ta hearing, we reverse Deferrell’s judgment and sentence on the new law offenses, and reverse the trial court’s order finding him in violation of probation. We remand for further proceedings, consistent with this opinion.

Reversed and remanded.

TAYLOR and MAY, JJ., concur.

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

. Nelson v. State, 875 So.2d 579 (Fla.2004).