Gerber, J.
In these consolidated cases, the juvenile appeals from the circuit court’s ruling that he violated his probation. He argues that the court erred by failing to hold a hearing to determine his mental condition after the court had reasonable grounds to believe he was incompetent to proceed. We agree with his argument, and reverse and remand for a nunc pro tunc competency hearing, if possible under the circumstances, and for entry of a written order concerning the juvenile’s competence to proceed.

Procedural History

The circuit court placed the juvenile on probation for five cases which have been consolidated in this appeal. The underlying offenses included: resisting without violence, two counts of battery, disrupting a school function, criminal mischief, and domestic battery.
The Department of Juvenile Justice (DJJ) later alleged that the juvenile violated probation by committing a domestic battery against his mother.
Before the final probation violation hearing, the juvenile’s attorney filed a “motion to appoint experts for a competency evaluation with certificate of good faith.” The juvenile’s attorney outlined several reasons to support the motion, including that “[t]he [juvenile] does not exhibit proper courtroom behavior,” “[t]he [juvenile] appears to lack the capacity to interact appropriately with his lawyer in discussing his case,” and “[c]ounsel for the [juvenile] cannot communicate effectively with the [juvenile] in order to obtain pertinent information in order to provide a proper defense.”
*401 Based on the motion, the court issued an order appointing two experts to determine the juvenile’s competency.
Later, during a status check hearing at which the juvenile was not present, the DJJ’s in-court liaison said that the juvenile had been “evaluated by the doctors.” The in-court liaison further stated, “And I spoke to [one of the court appointed doctors] yesterday.... [The juvenile is] competent on both cases.” The court then reset the hearing.
At the next hearing, the juvenile was not present again. The court decided to set the matter for a final probation violation hearing at which the juvenile’s presence was required. In doing so, the circuit court stated, “He’s competent; ready to go.”
At the final probation violation hearing, the following discussion occurred at sidebar:
[JUVENILE’S ATTORNEY:] So, we’re in the hallway, talked to my client and he claims that we’ve already had this hearing. He claims that he’s already testified in front of you. He claims that this is all done and he’s just coming here for statuses.
[[Image here]]
I’m not exactly sure where to go with this. I’m just putting it on the record. We’ve already had a competency. He came back competent.
After the sidebar, the state proceeded with its evidentiary presentation regarding the probation violation. The court found that the juvenile violated his probation.
Following the court’s finding, another sidebar occurred as follows:
[JUVENILE’S ATTORNEY:] Judge, when we were doing the final violation hearing my client kept on talking to me about his mother[,] demanding a DNA test, demanding that she wasn’t his mother.
Stating that he wanted a blood test taken. That he is extremely agitated throughout the entire proceeding. But kept on insisting that she was not his mother and wanted a DNA test.
And ... my trial partner had to calm him down so he wouldn’t shout that out. I’m just letting the record [be] clear.... We had two competency evaluations where he came back competent. At the table he ... sure wasn’t acting that way. And I could not get a lot of cooperation from my client in assisting in his defense, however.
[COURT:] However, when he wants to cooperate he can be very cooperative. He can be extremely articulate. I heard a lot of information from him one time that really showed some insight of what was going on in that house.... Of what the situation is. I need your advice right now to keep the situation calm....
[JUVENILE’S ATTORNEY:] Your Honor, I can’t guarantee what would happen. That’s all I have to say. I know that I asked the mom right after the testimony ... “Is he on medication?” and she said, “No.”
[ASSISTANT STATE ATTORNEY:] And Mom indicated to me, though, when I was speaking to her prior to trial, that even two days ago and yesterday he’s [been] putting his hands on her and her little ten-year-old daughter. And she still feels in fear of her safety around her child....
Ultimately, the court sentenced the juvenile to a non-secure residential treatment program. However, nothing in the record indicates that a competency hearing took place or that the court reviewed the competency evaluations, aside from the court’s statement that “[the juvenile’s] competent; ready to go.”
*402 This appeal followed. The juvenile argues that the court erred by failing to hold a hearing to determine his mental condition after the court had reasonable grounds to believe he was incompetent to proceed. The state responds that the juvenile failed to preserve this issue for appeal because he failed to object to the expert evaluations’ findings and failed to object to the court’s oral pronouncement that he was competent to proceed. Alternatively, the state argues that the court, with the juvenile’s agreement, properly relied on the expert evaluations concluding the juvenile was competent, and made an oral pronouncement to that effect.
Whether the circuit court fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to de novo review. Presley v. State, 199 So.3d 1014, 1017 (Fla. 4th DCA 2016).

Analysis

We agree with the juvenile’s argument. The court had reasonable grounds to believe the juvenile was incompetent to proceed, and thus the court was required to stay the proceedings and schedule a competency hearing.
Florida Rule of Juvenile Procedure 8.095(a)(2) states:
If at any time prior to or during the adjudicatory hearing or hearing on a violation of juvenile probation the court has reasonable grounds to believe the child named in the petition may be incompetent to proceed with an adjudicatory hearing, the court on its own motion or motion of counsel for the child or the state shall immediately stay the proceedings and fix a time for a hearing for the determination of the child’s mental condition.
When the competency question is raised by the juvenile’s attorney or the state, the court “shall ... appoint no more than 3, nor fewer than 2, disinterested qualified experts to examine the child as to competency ....” Fla. R. Juv. P. 8.095(c)(1) (2015).
However, expert evaluations are not dis-positive and the parties may introduce “other competent evidence” at a competency hearing for the court’s consideration. Id. “The appointment of experts by the court shall not preclude the state or the child from calling other expert witnesses to testify at ... the hearing to determine the mental condition of the child.” Id. If, at the hearing required by rule 8.095(a)(2), the juvenile is found competent to proceed, “the court shall enter an order so finding and proceed accordingly.” Fla. R. Juv. P. 8.095(a)(3) (2015).
The procedural rules governing competency determinations in juvenile cases parallel the procedural rules in the adult criminal cases. Compare Fla. R. Juv. P. 8.095 (2015) and § 985.19(1), Fla. Stat. (2015), with Fla. R. Crim. P. 3.210 (2015) and Fla. R. Crim. P. 3.212(b) (2015). As such, our recent decision in Deferrell v. State, 199 So.3d 1056 (Fla. 4th DCA 2016), is instructive.
In Deferrell, the defendant underwent three competency evaluations, all of which opined that the defendant was competent to proceed. Id. at 1059-60. Although the court set a date for the competency hearing and a status conference occurred on that date, no competency hearing occurred and no discussion regarding the reports occurred on the record. Id. at 1060. The court also never issued any order finding the defendant competent to proceed. Id. at 1061. On appeal, the defendant argued the court erred in failing to hold a competency hearing and enter an order determining his competency status. Id. at 1060. In re *403 sponse, the state argued that it was not necessary to conduct a competency hearing because all three evaluations found the defendant competent to proceed. Id. at 1061. The state also argued that the defendant waived his right to a hearing by not insisting on a hearing. Id.
We concluded the state’s arguments lacked merit, reasoning:
The written reports are advisory to the trial court, which itself retains the responsibility of the decision. Under these circumstances a defendant may not waive his or her right to a competency hearing even if the experts unanimously find the defendant competent to proceed.
Two important details arise from this analysis. First, even if the evaluations unanimously agree that the defendant is competent, the court still must conduct a hearing. Second, in response to the State’s argument that [the defendant] waived his right to a hearing by not continuously requesting one, .,. even an express waiver of a hearing does not comport with the statute. It logically follows then, that an implicit waiver also would not serve to bypass the requirements of the statute.
Id. (internal citations and quotation marks omitted).
The state’s arguments in Deferrell mirror its arguments here. As a preliminary consideration, it is difficult to accept the state’s contention that the juvenile’s attorney’s comments regarding the competency evaluations functioned as a formal stipulation. On the contrary, the record reflects that the juvenile’s attorney continued voicing her doubts as to the juvenile’s competency to proceed despite the evaluations’ conclusions.
Nevertheless, even if we accept the state’s suggestion that the juvenile’s attorney stipulated to the competency findings, the court still was required to hold a hearing and make an independent competency finding. “That task is expressly left to the trial judge and that authority may not be delegated to the lawyers in the case.” S.B. v. State, 134 So.3d 528, 529-30 (Fla. 4th DCA 2014) (citation omitted). In other words, although the parties and the court may agree that the court may decide the issue of competency on the basis of the written reports alone, the juvenile can neither implicitly concede nor explicitly stipulate to the ultimate issue of his own competency. Id,
The state’s reliance on the court’s statement, “[the juvenile’s] competent; ready to go,” as the court’s competency finding, is unavailing based on our recent precedent. See Presley v. State, 199 So.3d 1014, 1019 (Fla. 4th DCA 2016) (even though the court informed the parties that it had received information indicating the defendant had been reevaluated and his competency had been restored, it was “unclear from the record whether the trial court actually reviewed the expert’s report declaring appellant competent to proceed”). The court’s statement here was made during a status check hearing, at which the juvenile was not present, and the discussion topic was scheduling, not competency. Thus, the court’s statement was not made in a context suggesting the court intended to pronounce an oral finding of the juvenile’s competency to proceed.
Moreover, the court’s statement cannot represent an independent factual finding that the juvenile was competent to proceed where nothing in the record indicates that the court reviewed the reports, instead of merely relying on the DJJ’s in-court liaison’s statements that the juvenile had been “evaluated by the doctors” and was “competent on both cases.” See id. (“[W]hile defense counsel did make repre *404 sentations below to the effect that appellant’s competency had been restored, the court was not permitted to simply rely on defense counsel’s representations”).
As for a remedy, the juvenile is not automatically entitled to a new probation violation hearing. “Rather, where the issue of competency was inadequately determined below, a retroactive determination of competency may be possible where there are enough expert and lay witnesses who examined or observed the [juvenile] contemporaneous with the relevant stage of the proceeding and are available to offer pertinent evidence at a retrospective hearing.” Id.
Thus, on remand, if the court is able to make a nunc pro tunc finding as to the juvenile’s competency in a manner which comports with due process considerations, then it should do so and enter a written order accordingly. Id. On the other hand, if the court should find, for any reason, that an evaluation of the juvenile’s competency at the time of the proceeding on the probation violation cannot be conducted in such a manner as to assure the juvenile due process of law, then the court should hold a new probation violation hearing upon the court determining that the juvenile is competent to proceed. Id.
Based on the foregoing, we reverse and remand for a nunc pro tunc competency determination, if it is possible under the circumstances.

Reversed and remanded for proceedings consistent with this opinion.

Warner and Kuntz, JJ., concur.