Klingensmith, J.
Appellant Edna Baker filed a pretrial motion for a hearing and appointment of an expert to evaluate her competency. The trial court thereafter entered an order appointing a doctor for an evaluation. Al *639 though Florida Rule of Criminal Procedure 3.210(b) requires a trial court to hold a competency hearing within twenty days of being presented with . reasonable grounds to question a defendant’s competency, appellant waived that requirement in her pretrial motion. Defense counsel never scheduled a competency hearing, and the record does not reflect that one was ever conducted. The case proceeded to trial, and appellant, was convicted of burglary of a dwelling and grand theft of a dwelling. Because the record does not show that there was a determination of appellant’s competency at the time of trial, we remand for further proceedings.
In the motion to evaluate competency, appellant’s counsel asserted there were “reasonable grounds to believe that [appellant] is incompetent to proceed,” The motion also stated that appellant “hereby waives the required 20 day hearing pursuant to Fla. R. Crim.= P. 3.210(b).”
Three days later, the trial court entered an order requiring the examination of appellant’s competency and an assessment of recommended treatment. The order appointed a doctor to examine appellant, and provided:
If the Doctor is appointed for the purpose of determining competency, pursuant to Fla. R. Crim. P. 3.210(b), a hearing shall [be] held within 20 days of the filing of this motion. The Defendant hereby waives this provision and shall schedule a competency hearing pursuant to the Florida Rules of Criminal Procedure should it become necessary, with notice to the State and Court.
(Emphasis in original). Without ever conducting a hearing on competency, the case was tried and appellant was convicted and sentenced to fifteen years in prison. This appeal followed.
Appellant asserts that the trial court reversibly erred by failing to conduct a competency hearing within twenty days of ordering a competency evaluation as required by Florida Rule of Criminal Procedure 3.210(b), despite appellant’s explicit waiver of such a, hearing in her motion for the evaluation..
The issue of “[w]hether the circuit court' fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to de novo review.” A.L.Y. v. State, 212 So.3d 399, 402 (Fla. 4th DCA 2017).
The procedure for determining a defendant’s competency is. outlined in Florida Rule of Criminal Procedure 3.210(b), which states:
(b) Motion for Examination. If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall, immediately enter its order setting a time for a hearing to determine.the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state anti the defendant may be present at any examination ordered by the court.
Fla. R. Crim. P. 3.210(b) (emphases added). The mandatory language of the rule obligates courts to observe these specific competency hearing requirements to “safeguard a defendant’s due process right to a fair trial- and. to provide the reviewing court with an adequate record on appeal.” Bylock v. State, 196 So.3d 513, 514 (Fla. 2d DCA 2016) (quoting Dougherty v. State, 149 So.3d 672, 676 (Fla. 2014)); see also Williams v. State, 169 So.3d 221, 223 (Fla. 2d DCA 2015) (“Under the plain language *640 of rule 3.210(b), the terms ‘shall’ and ‘immediately’ reflect that a hearing is mandatory.”).
We find our decision in Deferrell v. State, 199 So.3d 1056 (Fla. 4th DCA 2016), to be analogous. Unlike appellant in this ease, competency evaluations were performed on the defendant, each finding that he was competent to proceed. Id. at 1061. Though the court set a date for the competency hearing, none was held and no discussion regarding the reports occurred on the record. Id. at 1060. Like the situation presented here, the court did not issue any order finding the defendant competent to proceed. Id. at 1061. On appeal, the State argued that the defendant waived his right to a hearing by not insisting on one, and that a hearing was unnecessary because the evaluations deemed him competent. Id.
We disagreed with the State’s arguments in Deferrell, reasoning:
The written reports are advisory to the trial court, which itself retains the responsibility of the decision. Under these circumstances a defendant may not waive his or her right to a competency hearing even if the experts unanimously find the defendant competent to proceed.
Two important details arise from this analysis. First, even if the evaluations unanimously agree that the defendant is competent, the court still must conduct a hearing. Second, in response to the State’s argument that [the defendant] waived his right to a hearing by not continuously requesting one ... even an express waiver of a hearing does not comport with the statute. It logically follows then, that an implicit waiver also would not serve to bypass the requirements of the statute.
Id. (internal citations and quotation marks omitted); accord Williams, 169 So.3d at 223.
The State’s arguments in Deferrell mirrored those made here. See also A.L.Y., 212 So.3d at 403 (reversing conviction due to the trial court’s failure “to hold a competency hearing and make an independent competency finding”). As in Deferrell and A.L.Y., we likewise find the State’s arguments to be unavailing. No matter the extent of appellant’s attempted waiver, “even an express waiver” of such a hearing cannot function to bypass or overcome the mandate of rule 3.210(b) requiring a trial court with reason to “believe that the defendant is not mentally competent to proceed” to hold a competency hearing within twenty days of the filing of the motion that prompted the competency evaluation (or of the court’s sua sponte evaluation order). Deferrell, 199 So.3d at 1060-61; see also A.L.Y., 212 So.3d at 403.
The appointed expert’s reports and findings are not included in the record, nor is there an indication that an evaluation by a physician was ever performed. Further, the trial court never conducted a competency hearing. If appellant’s competency was ever discussed in court prior to the trial’s commencement, or if the motion was ever withdrawn, such a discussion is not in the record. Even though appellant’s counsel clearly waived the rule 3.210(b) twenty-day hearing requirement in her motion for a competency evaluation, nothing indicates a complete waiver of the hearing itself was ever intended.
Although the record submitted to this court does not include a trial court order finding appellant competent or incompetent, the appellant’s mental health issues garnered notice from the court, who remarked at sentencing:
[W]ith this record twenty years is not unreasonable as a habitual felony offender. But I will say this—because I’ve had a chance to see [appellant] for some time *641 now. And I don’t think this is one where she’s just recently concocted mental health issues in an effort to like malinger or avoid punishment. I think there’s been some longstanding issues here.
“There does not appear to be any discretion on the part of the trial court [to hold a competency hearing] once it makes the determination that there are reasonable grounds to believe that the defendant is not mentally competent.” Silver v. State, 193 So.3d 991, 993 (Fla. 4th DCA 2016) (quoting Carrion v. State, 859 So.2d 563, 565 (Fla. 5th DCA 2003)). “[A] trial court’s appointing experts to evaluate a defendant’s competency suggests there were reasonable grounds to do . so.” Id. When the court “has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing.”[1] Id. (quoting Monte v. State, 51 So.3d 1196, 1202 (Fla. 4th DCA 2011)). Therefore, even without the trial court’s remarks at sentencing, its order granting counsel’s motion for a competency evaluation on its own compelled a competency hearing. Fla. R. Crim. P. 3.210(b).
The State asserts that if relief is warranted, a retroactive inquiry into appellant’s competency will suffice. We have seen no evidence in the record that would assist the court in making such a retroactive determination of the appellant’s competency at the time of her trial, as there exists no record that a contemporaneous evaluation was ever conducted. See Dougherty, 149 So.3d at 679 (holding that a nunc pro tunc competency evaluation is possible if “a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial” are available for a retrospective hearing (internal quotation marks omitted) (quoting Mason v. State, 489 So.2d 734, 737 (Fla. 1986))); see also A.L.Y., 212 So.3d at 404.
Thus, on remand, if the court can make a nunc pro tunc finding as to appellant’s competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order. Presley, 199 So.3d at 1019; see also Frye v. State, 41 Fla. L. Weekly D2151, D2151, — So.3d -, -, 2016 WL 4944084 (Fla. 2d DCA Sept. 16, 2016) (“A nunc pro tunc competency witness cannot ... rely solely on a cold record.”). However, if the court finds, *642 for any reason, that an evaluation of appellant’s competency at the time of trial cannot proceed in a way that ensures appellant’s due process rights, then the court should adjudicate her current competency and, if she is competent, conduct a new trial on all counts. A.L.Y., 212 So.3d at 404.
Based on the foregoing, we reverse and remand for a nunc pro tune competency determination, if it is possible under the circumstances. We find no merit in the other arguments raised by appellant on appeal, and affirm on those issues.

Affirmed in part, Reversed in part and Remanded with instructions,

DAMOORGIAN and GERBER, JJ., concur.

. A full, formal competency hearing might not be required if ”[t]he parties ... stipulate to deciding competency based on the written expert reports rather than live expert testimony.” Rumph v. State, 217 So.3d 1092, 1095, 2017 WL 1372097 (Fla. 5th DCA Apr. 13, 2017). "A status hearing may constitute a sufficient competency hearing if the court reviews a written competency evaluation at the parties’ direction and makes an independent finding that the defendant is competent to proceed.” Presley v. State, 199 So.3d 1014, 1018 (Fla. 4th DCA 2016). However, "the defendant and the other parties may not stipulate to competency itself ... as the trial court must make an independent determination on the issue.” Rumph, 217 So.3d at 1095; see also Arnold v. State, 214 So.3d 739, 740 (Fla. 2d DCA 2017) (stating that while a “trial court, when the parties agree, may decide the issue of competency on the basis of written reports alone, it cannot dispense with its duty to make an independent determination about a defendant’s competency, and must enter a written order if the defendant is found competent to proceed” (quoting Dougherty, 149 So.3d at 679)); B.R.C. v. State, 210 So.3d 243, 245 (Fla. 2d DCA 2017) ("A court's determination of competency may not be based on a stipulation of competence; the court must make its own independent determination, even where all of the experts agree that the defendant is competent.”).