DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHASMIN JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-1805

[November 22, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 312016CF000424A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

***ON CONFESSION OF ERROR***

DAMOORGIAN, J.

Appellant, Chasmin Jones, was arrested and charged with two counts of sale, delivery, or possession with intent to sell of hydromorphone within 1000 feet of a school and two counts of possession of hydromorphone. Thereafter, Appellant's counsel filed a pretrial motion for a hearing and appointment of an expert to evaluate Appellant's competency. The court granted Appellant's motion, appointed an expert to evaluate Appellant, and set the matter for hearing. However, the record does not reflect that the scheduled competency hearing ever occurred. The case proceeded to trial wherein Appellant was adjudicated guilty on all charges. On appeal, Appellant argues that the court fundamentally erred when it ordered, but never conducted, a competency evaluation. The State properly concedes error.

"The issue of '[w]hether the circuit court fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to

*de novo* review.'" *Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017) (quoting *A.L.Y. v. State*, 212 So. 3d 399, 402 (Fla. 4th DCA 2017)).

Florida Rule of Criminal Procedure 3.210(b) provides that:

> **(b) Motion for Examination.** If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, *has reasonable ground to believe that the defendant is not mentally competent to proceed*, the court *shall* immediately enter its order setting a time for a hearing to determine the defendant's mental condition, which *shall* be held no later than 20 days after the date of the filing of the motion, and may order the defendant to be examined by no more than 3 experts, as needed, prior to the date of the hearing. Attorneys for the state and the defendant may be present at any examination ordered by the court.

(emphases added).

Based on the plain language of Rule 3.210(b), once a court has reasonable grounds to question the defendant's competency, it *must* order a competency hearing. *Baker*, 221 So. 3d at 640–41. Once ordered, the court *must* actually conduct the competency hearing and issue an order on the defendant's competence. *Id.; see also Deferrell v. State*, 199 So. 3d 1056, 1061 (Fla. 4th DCA 2016) (neither expert reports finding defendant competent nor waiver abrogates the court's duty to hold a competency hearing once ordered). Failure to do so is reversible error. *Baker*, 221 So. 3d at 641.

Here, the court ordered a competency hearing but there is no indication in the record that the hearing ever actually occurred. Thus, as conceded by the State, we must reverse. As provided by this Court in *Baker*: "[o]n remand, if the court can make a *nunc pro tunc* finding as to [A]ppellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order." *Id.* "However, if the court finds, for any reason, that an evaluation of appellant's competency at the time of trial cannot proceed in a way that ensures [A]ppellant's due process rights, then the court should adjudicate [his] current competency and, if [he] is competent, conduct a new trial on all counts." *Id.* at 641–42.

*Reversed and remanded with instructions.*

GROSS and TAYLOR, JJ., concur.

\*    \*    \*

**Not final until disposition of timely filed motion for rehearing.**