DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARK JOSEPH SAUNDERS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-643

[April 18, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Okeechobee County; Dan L. Vaughn, Judge; L.T. Case No. 47-2015-CF-000249 A.

Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Appellant, Mark Joseph Saunders, appeals his convictions and sentences for eight crimes after a jury found him guilty as charged. Appellant argues the trial court erred in: (1) denying his motion to sever offenses; (2) denying his motion to strike the entire jury venire; (3) overruling his objections during the State's closing argument; and (4) failing to determine his competence to stand trial. We affirm without discussion the trial court's rulings on all of the arguments raised by Appellant except the last argument. Because we determine the record does not show the trial court made an independent determination of Appellant's competence to stand trial after appointing an expert to evaluate his competence, we reverse Appellant's convictions and sentences if a *nunc pro tunc* determination of competence that comports with due process cannot be made by the trial court. Thus, we remand for further proceedings.

Appellant was charged by amended information with eight offenses: (1) home invasion robbery with a firearm; (2) grand theft of a motor vehicle;

(3) fleeing or eluding; (4) aggravated battery on a law enforcement officer with a deadly weapon; (5) unlawful possession of a bulletproof vest; (6) possession of a firearm or ammunition by a convicted felon; (7) burglary of a dwelling while armed; and (8) third degree grand theft. The matter proceeded to a jury trial on all counts with the possession of a firearm charge tried in a bifurcated trial. Appellant was found guilty as charged as to all eight counts.

Prior to trial, defense counsel moved for a competency determination pursuant to Florida Rule of Criminal Procedure 3.210(b). The trial court granted the motion and appointed an expert to examine Appellant. However, the record does not indicate that any competency hearing was held, nor does the record contain any competency evaluation or a stipulation that the trial court could determine competency by reviewing an evaluation that is not in the record.

Appellant was sentenced as a prison release reoffender to life in prison on two of the counts and given lengthy prison sentences on the remaining counts, all to run concurrently with credit for time served. Appellant gave notice of appeal.

The State correctly concedes that the trial court fundamentally erred in failing to conduct a competency hearing and to make a competency determination. *See Dougherty v. State*, 149 So. 3d 672, 677-78 (Fla. 2014); *Deferrell v. State*, 199 So. 3d 1056, 1060-61 (Fla. 4th DCA 2016). The remedy for such error depends on the circumstances of each case. *See Dougherty*, 149 So. 3d at 679.

This case is similar to the situations we addressed in *Baker v. State*, 221 So. 3d 637 (Fla. 4th DCA 2017), and *Silver v. State*, 193 So. 3d 991 (Fla. 4th DCA 2016), where the defendants proceeded to a jury trial after the trial courts appointed experts for competency evaluation, but the trial courts did not make an independent determination regarding the defendants' competence. *Baker*, 221 So. 3d at 639; *Silver*, 193 So. 3d at 992-93. As we noted in *Silver*, our "supreme court has recognized that 'a *nunc pro tunc* competency evaluation' is possible if 'a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial' are available." *Silver*, 193 So. 3d at 993-94 (quoting *Dougherty*, 149 So. 3d at 679).

Therefore, we affirm the trial court's rulings on Appellant's motion to sever charges, motion to strike the entire jury venire, and objections to the State's closing arguments. However, we reverse all of Appellant's convictions and sentences if a *nunc pro tunc* determination of his

competence at the time of trial that comports with due process cannot be made by the trial court. Thus, we remand for further proceedings with the same instructions we gave in *Baker*:

> [O]n remand, if the court can make a *nunc pro tunc* finding as to [A]ppellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order. *Presley [v. State]*, 199 So. 3d [1014,] 1019 [(Fla. 4th DCA 2016)] [additional citation omitted]. However, if the [trial] court finds, for any reason, that an evaluation of [A]ppellant's competency at the time of trial cannot proceed in a way that ensures [A]ppellant's due process rights, then the court should adjudicate h[is] current competency and, if [he] is competent, conduct a new trial on all counts. *A.L.Y. [v. State]*, 212 So. 3d [399,] 404 [(Fla. 4th DCA 2017)].

*Baker*, 221 So. 3d at 641-42.

*Affirmed in part, reversed in part, and remanded with instructions for proceedings consistent with this opinion.*

GERBER, C.J., and TAYLOR, J., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**