DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAFAEL HERNANDEZ,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2313

[May 16, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 31-2016-CF-000791 A.

Carey Haughwout, Public Defender, and Erika Follmer, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

**CONCESSION OF ERROR**

KLINGENSMITH, J.

Rafael Hernandez appeals the trial court's acceptance of his negotiated plea and subsequent sentence. Although he asked for and was granted a competency evaluation, Hernandez claims the trial court erred by failing to either conduct a competency hearing or enter an order as to his competency before accepting his plea. In accord with several recent cases from this court on the subject, and considering the State's concession of error, we agree and reverse.

Hernandez's counsel filed a written motion under Florida Rule of Criminal Procedure 3.210(b), and requested the appointment of an expert to examine his client's competency to proceed. The motion indicated that the rule required the court to hold a competency hearing within twenty days of the motion's filing. Four days later, the trial court entered an order granting the motion, and directed the appointed expert to submit a written evaluation of Hernandez's mental condition to each party within thirty

days of the order.  However, the trial court's order did not set a date for the competency hearing, nor does the expert's written evaluation appear in the record.

Thereafter, Hernandez entered a plea of no contest to the charged crime.  Yet there is no record that a competency hearing ever occurred, nor does the record contain a written order establishing whether Hernandez was competent to proceed.  If appellant's competency was ever discussed in court prior to the acceptance of the plea, or if the motion was ever withdrawn, such a discussion is also not in the record.

The procedure for determining a defendant's competency is governed by Florida Rules of Criminal Procedure 3.210 through 3.215.  Competency requires strict adherence to the Florida Rules of Criminal Procedure.  *See Dortch v. State*, 2018 WL 1617082, at *1 (Fla. 4th DCA April 18, 2018).  We review the trial court's judgment and its compliance with these rules *de novo*.  *See Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017).

"'There does not appear to be any discretion on the part of the trial court [to hold a competency hearing] once it makes the determination that there are reasonable grounds to believe that the defendant is not mentally competent.'"  *Silver v. State*, 193 So. 3d 991, 993 (Fla. 4th DCA 2016) (quoting *Carrion v. State*, 859 So. 2d 563, 565 (Fla. 5th DCA 2003)).  "[A] trial court's appointing experts to evaluate a defendant's competency suggests there were reasonable grounds to do so."  *Id.*  When the trial court "has reasonable grounds to believe that a criminal defendant is not competent to proceed, it has no choice but to conduct a competency hearing."  *Baker*, 221 So. 3d at 641 (internal citations omitted).  However, "[a] full, formal competency hearing might not be required" in some circumstances.  *Id.* at 641 n.1 (internal citations omitted).

We reverse.  But, if on remand the trial court can make a *nunc pro tunc* finding as to Hernandez's competency "based upon the existence of evaluations performed contemporaneous with [the acceptance of the plea] and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order."  *Baker*, 221 So. 3d at 641-42; *accord Dortch*, 2018 WL 1617082, at *2.  "If, however, the court cannot determine appellant's competency consistent with due process guarantees, the court should vacate the plea and sentence."  *Bain v. State*, 211 So. 3d 139, 140 (Fla. 4th DCA 2017); *accord Dortch*, 2018 WL 1617082, at *2.

*Reversed and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***