PER CURIAM.
Tayon L. Alexander appeals his judgment and sentence for aggravated child abuse. He argues, in part, that the trial court erred by failing to conduct a competency hearing and enter a competency order. The State concedes error. We agree and reverse in part. We affirm all other issues on appeal without discussion.
Prior to trial, defense counsel moved for a competency determination pursuant to Florida Rule of Criminal Procedure 3.210(b). The trial court granted the motion and appointed an expert to examine Alexander. However, the record does not indicate that any competency hearing was held or contain an order adjudicating competency. The State correctly concedes that the trial court fundamentally erred by failing to conduct a competency hearing and make a competency determination. See Dougherty v. State, 149 So.3d 672, 677-78 (Fla. 2014) ; Deferrell v. State, 199 So.3d 1056, 1060-61 (Fla. 4th DCA 2016).
Whether the court can remedy the error by conducting a retrospective competency determination depends on the circumstances of each case. See Dougherty, 149 So.3d at 679. This case is similar to the situations addressed in Baker v. State, 221 So.3d 637 (Fla. 4th DCA 2017), and Silver v. State, 193 So.3d 991 (Fla. 4th DCA 2016), where the defendants proceeded to trial after the trial courts appointed experts for competency evaluations but did not make independent determinations regarding the defendants' competence. Baker, 221 So.3d at 639 ; Silver, 193 So.3d at 992-93. In those cases, the Fourth District remanded to conduct a retrospective examination, if possible, recognizing that a nunc pro tunc evaluation can be done in certain limited circumstances. Baker, 221 So.3d at 641 ; Silver, 193 So.3d at 993-94. Specifically, the Florida Supreme Court has held that "a nunc pro tunc competency evaluation [can] be done where 'there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing.' " Dougherty, 149 So.3d at 679 (quoting Mason v. State, 489 So.2d 734, 737 (Fla. 1986) ).
Consequently, we reverse Alexander's conviction and sentence. We remand for further proceedings with the same instructions given in Baker:
[O]n remand, if the court can make a nunc pro tunc finding as to appellant's competency based upon the existence of evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order. However, if the court finds, for any reason, that an evaluation of appellant's competency at the time of trial cannot proceed in a way that ensures appellant's due process *1159 rights, then the court should adjudicate h[is] current competency and, if [he] is competent, conduct a new trial on all counts.
221 So.3d at 641-42 (citations omitted).
AFFIRMED in part; REVERSED in part, and REMANDED with instructions for proceedings consistent with this opinion.
ORFINGER, TORPY and BERGER, JJ., concur.