DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MICHAEL JOHN NELSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-1180

[January 29, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562017CF002305A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Michael John Nelson appeals his conviction and sentence for battery on a person sixty-five years of age or older and criminal mischief causing between $200 to $1000 in damages.  He raises several issues on appeal but only one merits discussion; his contention that the trial court failed to conduct an adequate competency hearing in his case.  We disagree and affirm his conviction and sentence. However, we accept the State's confession of error that the trial court failed to enter a written competency order, requiring remand.

"The issue of '[w]hether the circuit court fundamentally erred in failing to hold a competency hearing presents a pure question of law subject to *de novo* review.'" *Baker v. State,* 221 So. 3d 637, 639 (Fla. 4th DCA 2017) (quoting *A.L.Y. v. State,* 212 So. 3d 399, 402 (Fla. 4th DCA 2017)).

At trial, the State raised the issue of Nelson's competency to the trial court, noting that Nelson had been found competent to stand trial by a

doctor but wanted to make sure that the record clearly indicated his competency before proceeding to trial. After the court conducted an adequate colloquy with Nelson and was reassured of his competency, defense counsel indicated that it would be prudent for the court to make a competency finding on the record before jury selection. *See* Fla. R. Crim. P. 3.210(b). Although the trial court orally made its finding that Nelson was competent to proceed, no written order was entered.

The State confesses error that the trial court failed to enter a written order on Nelson's competency. On this point, the Florida Rules of Criminal Procedure are clear. After holding a competency hearing, the trial court must enter a *written* order if it finds that the defendant is competent to proceed. *See* Fla. R. Crim. P. 3.212(c)(7). If the trial court does not enter a written order on the defendant's competency, the appellate court must remand the case to the trial court for it to enter that order *nunc pro tunc*. *See Machin v. State,* 267 So. 3d 1098, 1101 (Fla. 4th DCA 2019).

Therefore, we remand this case to the trial court to enter the required written order on defendant's competency. We affirm on all other issues.

*Affirmed, but remanded with instructions.*

GROSS, DAMOORGIAN and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**