DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMAN WILLIAMS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-1128

[April 22, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No. 17-010037CF10A.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Matthew Steven Ocksrider, Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Herman Williams appeals his convictions and sentences. He raises six arguments on appeal, two of which have merit.[1] We affirm the remaining issues without comment.

First, we agree with Williams that his convictions for both assault and attempted robbery violate the double jeopardy clause of the United States and Florida Constitutions. *See* U.S. Const. amend. V; art. I, § 9, Fla. Const.; *Valdes v. State*, 3 So. 3d 1067, 1069 (Fla. 2009) ("[T]he Constitution prohibits subjecting a person to multiple prosecutions, convictions, and punishments for the same criminal offense.").

Here, the information charged Williams with one count of burglary of a conveyance with battery and one count of attempted robbery. For the attempted robbery count, the language of the information charged assault as an alternative means of force, making it a necessarily lesser-included

---

[1] The State concedes error on these two issues.

offense subsumed by the attempted robbery charge. On the burglary count, the jury found Williams guilty of assault, a lesser-included offense. On the attempted robbery count, the jury found him guilty as charged in the information. Neither the information nor the verdict form distinguished the acts or made clear that they were based on different conduct.

To determine whether two crimes "are based upon the same conduct for purposes of double jeopardy, the reviewing court may consider only the charging document." *Lee v. State*, 258 So. 3d 1297, 1304 (Fla. 2018). Further, the "reviewing court's ability to find evidence in the record to support multiple convictions is insufficient to defeat a double jeopardy claim when nothing in the charging document suggests that the convictions were based on separate conduct." *Id.* at 1303-04. The information in this case does not support convictions for assault and attempted burglary based on separate conduct. So, on remand, the court shall strike Williams's conviction and sentence for assault.

Second, we agree that the circuit court erred when it made a nunc pro tunc competency determination dating to the time of trial when, in this case, competency was not raised until sentencing. The competency determination should have been made when it was raised at the time of sentencing. *Cf. Jones v. State*, 230 So. 3d 889, 890 (Fla. 4th DCA 2017) (stating that, under Fla. R. Crim. P. 3.210(b), "once a court has reasonable grounds to question the defendant's competency," it must hold a hearing). But, based on our reversal of the judgment and sentence for assault, the determination should now be made at the time of resentencing on remand.

In conclusion, we reverse the court's judgment and sentence and remand the case. On remand, the court shall strike Williams's conviction and sentence for assault. After doing so, and if the court determines that Williams is competent to be sentenced, the court shall resentence Williams for attempted robbery.

*Affirmed in part, reversed in part, and remanded.*

WARNER and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**