DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**DENISE FUNG TILLMAN,**
Appellee.

Nos. 4D21-2348 and 4D21-2423

[August 17, 2022]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ginger Lerner-Wren, Judge; L.T. Case Nos. 18-007878MM10A and 18-00446MM20A.

Ashley Moody, Attorney General, Tallahassee, and Jessica L. Underwood, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Paul Edward Petillo, Assistant Public Defender, West Palm Beach, for appellee.

ARTAU, J.

The state appeals from orders dismissing two misdemeanor charges against the defendant pursuant to Florida Rule of Criminal Procedure 3.213(a). We reverse because the defendant thwarted the trial court's ability to make the required finding of continuing incompetency for dismissal under the rule by failing to appear at three separate status conferences.

This court reviews de novo a trial court's dismissal pursuant to Florida Rule of Criminal Procedure 3.213. *State v. Morris*, 297 So. 3d 594, 596 (Fla. 4th DCA 2020) (citing *Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017)).

Florida Rule of Criminal Procedure 3.213(a)(1) requires misdemeanor charges to be dismissed one year after a determination that a defendant is incompetent to stand trial or proceed "*provided that the court finds that the defendant remains incompetent to stand trial or proceed . . .* unless the court in its order specifies its reasons for believing that the defendant is

expected to become competent to proceed." *Id.* (emphasis added); *see also Nerette v. State*, 324 So. 3d 523, 526 (Fla. 4th DCA 2021) ("The directive [for dismissal] is based on the presumption of continuing incompetence[.]").

After an initial evaluation, the trial court determined that the defendant was incompetent to proceed in the two misdemeanor cases in January of 2019, and ordered a status conference to be held in six months to determine if the defendant remained incompetent to proceed. Six months later, the defendant failed to appear at the status conference and a capias was issued for her arrest. The defendant then failed to appear at two subsequent rescheduled status conferences in September and October of 2019.

In February of 2020, defense counsel sought dismissal of the misdemeanor charges by filing a motion to dismiss in each case pursuant to rule 3.213(a)(1). The trial court acknowledged at the hearing on the dismissal motions that a final evaluation to determine if the defendant remained incompetent to proceed was necessary before the charges could be dismissed, but the trial court seemingly felt precluded from ordering a final evaluation because the defendant had not appeared at the status conferences and remained in capias status.

A subsequent hearing on the defendant's motions to dismiss occurred in July of 2021. Defense counsel explained at the hearing that the defendant was now living with her family in North Carolina while she recovered from a stroke. However, no evidence was presented during the hearing as to the defendant's continued lack of competency to stand trial based on the stroke.

Despite not having the benefit of any subsequent evaluation of the defendant to confirm her continuing incompetence, and over the state's objection, the trial court dismissed the misdemeanor charges in both cases. In support of its objection, the state argued that it was never given an opportunity to request a new evaluation of the defendant to determine whether she remained incompetent.

In support of its ruling, the trial court explained that the defendant's stroke constituted "a neurocognitive disability" from which she could not be restored to competence. However, in the absence of a stipulation between the parties, defense counsel's unsworn statement at the hearing indicating that the defendant had suffered a stroke was insufficient as a matter of law to establish that the defendant remained incompetent to stand trial or otherwise proceed with her defense of the misdemeanor

2

charges. As this court explained long ago in *Leon Shaffer Golnick Advertising, Inc. v. Cedar*, if an "advocate wishes to establish a fact, he [or she] must provide sworn testimony through witnesses other than himself [or herself] or a stipulation to which his [or her] opponent agrees." 423 So. 2d 1015, 1017 (Fla. 4th DCA 1982).

The defendant's inexplicable failure to appear at the three status conferences scheduled during the one-year period prevented the trial court from ordering a subsequent evaluation to determine if she remained incompetent to proceed. *See Nerette*, 324 So. 3d at 526 (holding that a misdemeanor defendant cannot thwart the state's ability to rebut the presumption of continuing incompetency by refusing to be reevaluated during the one-year period set forth in rule 3.213(a)(1)).

We therefore conclude that the trial court erred in dismissing the misdemeanor charges because the defendant, through her unexplained non-appearances at the various status conferences, thwarted not only the state's ability during the one-year period to rebut the presumption that she remained incompetent, but also the trial court's ability to make the required finding that she remained incompetent to proceed before dismissal of the charges was authorized by the express text of the rule. *See* Fla. R. Crim. P. 3.213(a) (dismissal is conditional upon a finding that the "defendant *remains* incompetent to stand trial or proceed" (emphasis added)). A defendant cannot wait out the one-year clock under rule 3.213(a)(1) while simultaneously evading the trial court's authority to order a reevaluation and make a proper finding as required by the rule.

Accordingly, we reverse the orders of dismissal and remand for further proceedings consistent with this opinion. If, on remand, the trial court determines that the charges should be dismissed because the defendant remains incompetent to proceed, then it should dismiss without prejudice to the state's ability to refile the charges "should the defendant be declared competent to proceed in the future" as provided by rule 3.213(a).[1]

*Reversed and remanded with instructions.*

GROSS and GERBER, JJ., concur.

---

[1] *See* Fla. R. Crim. P. 3.213(a) ("A dismissal under this rule shall be without prejudice to the state to refile the charge(s) should the defendant be declared competent to proceed in the future."); *see also State v. Offill*, 837 So. 2d 533, 535 (Fla. 2d DCA 2003) (noting that an order of dismissal pursuant to rule 3.213(a) is without prejudice to the state's ability to refile the dismissed charges "if the defendant subsequently becomes competent").

\*   \*   \*

*Not final until disposition of timely filed motion for rehearing.*