DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROMANCE LEE JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1226

[May 29, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert Meadows, Judge; L.T. Case No. 312017CF001065A.

Antony P. Ryan, Regional Counsel, and Danielle Forte, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, 4th District, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Romance Lee Jones appeals his conviction and sentence, arguing the circuit court erred because the record does not show the court held a competency hearing after granting defense counsel's motion for a competency evaluation.[1] The State concedes the court erred and suggests we remand for a *nunc pro tunc* evaluation of competency if such a determination is possible. We agree.

On remand, if the court is able to "make a *nunc pro tunc* finding as to [A]ppellant's competency based upon . . . evaluations performed contemporaneous with trial and without relying solely on a cold record, and can do so in a manner which abides by due process guarantees, then it should do so and enter a corresponding written order." *Baker v. State*, 221 So. 3d 637, 641 (Fla. 4th DCA 2017) (citations omitted). But "if the court finds, for any reason, that an evaluation of [A]ppellant's competency

---

[1] We affirm without comment the other issue raised on appeal.

at the time of trial cannot proceed in a way that ensures [A]ppellant's due process rights, then the court should adjudicate h[is] current competency and, if []he is competent, conduct a new trial on all counts." *Id.* at 641–42 (citation omitted).

*Affirmed in part, reversed in part, and remanded.*

MAY, DAMOORGIAN and KUNTZ, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2