THREADGILL, Judge.
The state appeals an order dismissing an information for unlawful burning of lands based on the trial court’s finding that the appellee is incompetent to proceed. We reverse.
On appellee’s motion, two psychiatrists were appointed to evaluate his competence to stand trial. Both psychiatrists indicated the appellee, who was seventy-nine years old, was incompetent and would not get any better. In addition, the state conceded the ap-pellee did not meet the criteria for commitment for treatment set forth in section 916.13, Florida Statutes (1993). Based on the psychiatrists’ reports, the trial court found that the appellee was incompetent to stand trial and that there was no likelihood he would ever become competent. After the state declined the judge’s request to enter a nolle prosequi, the trial court dismissed the information.
The decision of whether to prosecute for a criminal offense is a function of the *1228 executive authority, not the trial court. See State v. E.T., 560 So.2d 1282, 1284 (Fla. 3d DCA 1990). A trial court’s authority to dismiss an information based on a finding of incompetence to proceed to trial due to mental illness is governed by Florida Rule of Criminal Procedure 8.213(a). That rule requires the trial court to dismiss charges without prejudice to the state to refile if, more than five years after a felony defendant is determined incompetent, the court determines that the defendant remains incompetent, that there is no substantial probability the defendant will become competent, and that the defendant does not meet the criteria for commitment. No other provisions in the Florida Rules of Criminal Procedure or in chapter 916, Florida Statutes, governing mentally deficient and mentally ill defendants, give a trial court the authority to dismiss an indictment or information based on a finding of incompetence due to mental illness.
Thus, the trial court was without authority to dismiss the information. By dismissing the information as it did, the trial court removed from the state the opportunity granted by rule 3.213(a) to refile the charges should the appellee be declared competent to proceed in the future. We therefore reverse and remand for reinstatement of the information.
Reversed.
CAMPBELL, A.C.J., and QUINCE, J., concur.