837 So.2d 533 (2003)
STATE of Florida, Appellant,
v.
Leroy OFFILL, Appellee.
No. 2D01-5273.
District Court of Appeal of Florida, Second District.
February 12, 2003.
James Marion Moorman, Public Defender, Bartow, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Charlie Crist, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
*534 DAVIS, Judge.
The State challenges the trial court's dismissal of criminal charges against Leroy Offill. The trial court dismissed the charges pursuant to Florida Rule of Criminal Procedure 3.213(a). We reverse and remand for an appropriate evidentiary hearing.
We note initially that the trial court entered two orders of dismissal, the second and more detailed of which we may not consider due to the trial court's lack of jurisdiction to enter it. In the first order, filed on November 6, 2001, the court simply stated that it was granting the defendant's motion to dismiss for expiration of the five-year period since entry of the incompetency order. The second order, filed on January 9, 2002, was more detailed, specifying that (1) Offill had previously been found incompetent to proceed to trial due to a mental illness and was unlikely to be restored to competency as defined in section 916.106(11), Florida Statutes (2002); (2) the charges were dismissed without prejudice pursuant to rule 3.213(a); and (3) because Offill had been conditionally released and monitored by Mental Health Care, Inc., and had complied with treatment, he was released from the jurisdiction of the court.
However, before the court entered the January 9, 2002, order, the State filed its notice of appeal on November 6, 2001, thus divesting the trial court of jurisdiction. Although the trial court attempted to regain jurisdiction by making its January 2002 order nunc pro tunc to October 22, 2001, that attempt was ineffective. See Holland v. State, 634 So.2d 813 (Fla. 1st DCA 1994). Accordingly, the specific findings contained in the January 2002 order are null and void, leaving the earlier November 6, 2001, order as the only order on appeal.
We next observe that the statute addressing this situation, section 916.145, Florida Statutes (2001), appears to conflict with the corresponding rule of criminal procedure, rule 3.213, concerning the presumption that applies to competency determinations. Section 916.145 provides that the court shall dismiss the charges after the expiration of five years unless the court specifies why it believes the defendant will become competent in the foreseeable future. By contrast, the rule provides that after the expiration of five years, the court shall dismiss the charges if it finds, after a hearing, that (1) the defendant remains incompetent to stand trial, (2) there is no substantial probability that the defendant will become mentally competent to stand trial, and (3) the defendant does not meet the criteria for commitment. Fla. R.Crim. P. 3.213.
The distinction between the statute and the rule is procedural in nature since the difference is based on allocation of the presumption. While the statute presumes continued incompetence upon the passage of five years, the rule seems to presume competence upon the passage of five years unless continued incompetence can be shown by competent evidence. The rule further requires a hearing for consideration of such evidence.
Because matters of procedure are generally governed by rule while matters of substance are governed by statute, Hart v. State, 405 So.2d 1048 (Fla. 4th DCA 1981), and the distinction here is procedural, we conclude that rule 3.213 controls. This rule, however, requires the trial court to hold a hearing and make findings in three specific areas before dismissing the charges. The record on appeal reveals that the hearing conducted here did not address any of the rule's three specific issues. The order on appeal also did not contain the appropriate findings. Accordingly, *535 we reverse and remand with directions to the trial court to conduct an evidentiary hearing and make the required findings in support of its determination.
We also note that the order on appeal lacks the required language that would dismiss the charges without prejudice to the State refiling them if the defendant subsequently becomes competent. See State v. Johns, 651 So.2d 1227 (Fla. 2d DCA 1995).
As a final note, we observe that, due to the apparent conflict between the rule and the statute, resolution of this issue would be helpful to the courts that are subsequently faced with this issue.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.