544 U.S. 1301
 MULTIMEDIA HOLDINGS CORP. DBA FIRST COAST NEWS
v.
CIRCUIT COURT OF FLORIDA, ST. JOHNS COUNTY.
 No. 04A773.
 Supreme Court of United States.
 Decided April 15, 2005.
 
 An application to stay two Florida Circuit Court orders on the ground that they restrict applicant television network from publishing transcripts of grand jury proceedings is denied. The first order, issued after the court discovered that copies of a transcript had been released to the press in apparent violation of Fla. Stat. § 905.27, directed that no party could further disclose the transcript's contents to a person not authorized by that law. The second order denied applicant's motion to intervene and set the first order aside as an unconstitutional prior restraint; noted that the order applied only to the parties; and concluded that applicant was not restrained from publishing the materials, though to do so might constitute further violations of the law. The State Court of Appeal denied review. The record here does not sufficiently establish that applicant is enjoined by or otherwise subject to the orders or that any threat to applicant is real or substantial. Assuming that the first order constituted a prior restraint, any chilling effect it had on speech was substantially diminished by the second order, which indicates that the court directed its order only to the parties to the action and which forecloses interpreting the first order to put applicant on notice that future publication would place it in contempt. Nor is applicant's fear of prosecution well founded. Since the state attorney, not the judge, has the authority to prosecute violations of the Florida law, the court's orders are not a prerequisite to prosecution. Applicant has not demonstrated that prosecution is any more likely because of the orders, and the State has suggested that it will not prosecute further publication of the transcript.
 ON APPLICATION FOR STAY.
 JUSTICE KENNEDY, Circuit Justice.
 
 
 1
 This is an application for a stay of orders of the Seventh Judicial Circuit Court of St. Johns County, Florida. The applicant, First Coast News, alleges the orders restrict its publication of the contents of transcripts of grand jury proceedings held in a criminal prosecution for murder. First Coast News is a local television network that has been covering the prosecution. For reasons to be discussed, the application is denied.
 
 
 2
 * Two orders are at issue. The first was entered July 30, 2004. It states the court had discovered that copies of the transcript of certain testimony before the grand jury had been released to members of the press as well as to investigators from the St. Johns County Sheriff's Office, in apparent violation of Fla. Stat. § 905.27 (2003). Section 905.27 generally prohibits the disclosure of grand jury testimony, with certain exceptions. As relevant here, the order directs that "[n]o party shall further disclose the contents of the transcript of testimony before the Grand Jury to any person not authorized by F. S. 905.27(2)." Order Sealing Transcript, etc., in No. 04001748 CF (Fla. Cir. Ct., July 30, 2004), p. 2, App. in Support of Stay Application, Tab 5 (hereinafter July 30 Order). It further provides that "[a]ll persons who have obtained a copy of the transcript are placed on notice that any broadcast, publication, disclosure or communication of the contents of this transcript is a violation of F. S. 905.27, punishable as a misdemeanor in addition to constituting grounds for Criminal Contempt of Court." Ibid. Applicant alleges it received a copy of this order from the court. See Application to Stay Prior Restraint Order 3.
 
 
 3
 Applicant moved to intervene and set aside the July 30 Order as an unconstitutional prior restraint. This appears to have prompted the trial court to enter a second order. The order, entered August 9, 2004, notes that "[a]t no point in the Court's [July 30 Order] is [applicant] precluded or restrained from publishing matters which are public record, nor is [applicant] enjoined or restrained from broadcasting matters in this case. The [July 30 Order] clearly provides that the parties to this action are enjoined from further disclosing the contents of the transcript of testimony before the Grand Jury to any person not authorized by F. S. 905.27(2). The parties to this action are the State of Florida ... and defense counsel." Order on Motion to Intervene, etc., in No. CF04-1478 (Fla. Cir. Ct., Aug. 9, 2004), pp. 1-2, App. in Support of Stay Application, Tab 10 (hereinafter Aug. 9 Order). The court declined to hold a hearing on applicant's motion because "the Court's order does not enjoin the [applicant] from publishing or broadcasting materials that it wishes to publish or broadcast, but rather solely points out that so to do might constitute further violations of criminal law." Id., at 2. The court denied applicant's motion to intervene and its motion to set aside the July 30 Order.
 
 
 4
 Applicant sought review in the Fifth District Court of Appeal of Florida, which denied, without comment, applicant's "Emergency Petition for Writ of Certiorari." On the basis that the Fifth District Court of Appeal's denial is not appealable to the Florida Supreme Court, see Fla. Rule App. Proc. 9.030(a)(2)(A)(ii) (2005), applicant filed with me as Circuit Justice an application for a stay of the orders, urging that they operate as a prior restraint in violation of the First and Fourteenth Amendments to the United States Constitution. The application for a stay is denied. It is not sufficiently established on this record that applicant is enjoined by or otherwise subject to the orders in question or that any threat to it is real or substantial; hence it is unlikely that, despite indications that a prior restraint may have been imposed at the time of the first order, four Members of the Court would vote to grant certiorari.
 
 II
 
 5
 Applicant argues that the orders operate as a prior restraint because they threaten prosecution for future disclosures of the transcript and for contempt of court for any future publication. Specifically, the July 30 Order, at 2, places "[a]ll persons who have obtained a copy of the transcript ... on notice that any broadcast, publication, disclosure or communication of the contents of this transcript is a violation of F. S. 905.27, punishable as a misdemeanor in addition to constituting grounds for Criminal Contempt of Court." This would apply to applicant, as it fell within the class of persons who had obtained a copy of the transcript.
 
 
 6
 A threat of prosecution or criminal contempt against a specific publication raises special First Amendment concerns, for it may chill protected speech much like an injunction against speech by putting that party at an added risk of liability. The court's first order was not accompanied by notice or hearing or any other of the usual safeguards of the judicial process. It bears many of the marks of a prior restraint. See Bantam Books, Inc. v. Sullivan, 372 U. S. 58 (1963).
 
 
 7
 The first order is of further concern because it singles out this applicant and could be interpreted to place it on notice that publication of grand jury testimony in the underlying case could subject it to prosecution or place it in contempt of court. Assuming that order constituted a prior restraint, however, any chilling effect it had on speech was substantially diminished by the court's second order.
 
 
 8
 That second order indicates that the court was directing its order only to the conduct of those who are parties to the underlying action. Applicant is not a party. See Aug. 9 Order, at 1 ("The Court's order clearly provides that the parties to this action are enjoined ..."); id., at 2 ("[T]he Court's order does not enjoin the movant [applicant] in this case ..."). In this respect the orders themselves, by their terms, do not prohibit speech by this applicant.
 
 
 9
 In addition, the second order forecloses interpreting the first order to put applicant on notice that future publication would place it in contempt. It notes that "the Court's order does not enjoin [applicant] from publishing or broadcasting materials that it wishes to ... but rather solely points out that so to do might constitute further violations of criminal law." Ibid.
 
 
 10
 To the extent the court's orders might suggest a particular animus toward applicant, that, too, has abated by virtue of the fact that the judge who entered them has retired from judicial service.
 
 
 11
 Applicant argues that aside from the possibility of being held in contempt, it fears prosecution by virtue of the orders. Although it is true that "[p]eople do not lightly disregard public officers' thinly veiled threats to institute criminal proceedings," Bantam Books, supra, at 68, there is no suggestion that the judge who entered the orders here could institute such a proceeding. In Florida, it does not appear that the court may itself institute a prosecution for a violation of Fla. Stat. § 905.27 (2003). The decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to do so. See State v. Bloom, 497 So. 2d 2, 3 (Fla. 1986) (citing Fla. Const., Art. II, § 3). See also State v. Johns, 651 So. 2d 1227, 1228 (Fla. App. 1995) ("The decision of whether to prosecute for a criminal offense is a function of the executive authority, not the trial court"). The court's orders are thus not a prerequisite to prosecution, nor does the application demonstrate that prosecution is any more likely because of them. If prosecutors deemed applicant's future publication to constitute a violation of Fla. Stat. § 905.27 (2003), they would be free to prosecute applicant with or without the court's orders. The court recognized as much when it stated in its Aug. 9 Order, at 2, that "[t]he question of whether the publication or broadcast of this information is a crime, is one which must be left up to further investigation and proper prosecution."
 
 
 12
 Although the State has not guaranteed applicant immunity from prosecution for future publication of the transcript, it has suggested that further publication will not be prosecuted. See State's Response to Application to Stay Prior Restraint Order 4-5 ("Because the State Attorney did not believe that Petitioner violated the grand jury secrecy statute ... further publication of the grand jury transcript would not have resulted in prosecution").
 
 
 13
 True, informal procedures undertaken by officials and designed to chill expression can constitute a prior restraint. See Bantam Books, supra. Warnings from a court have added weight, and this too has a bearing on whether there is a prior restraint. If it were to be shown that even the second order might give a reporter or television station singled out earlier any real cause for concern, the case for intervention would be stronger. It appears, however, that any threat once implicit in the court's first order is much diminished. The two orders, issued by a judge no longer in office, appear to have been isolated phenomena, not a regular or customary practice. Cf. ibid. Under these circumstances, in my view, there is no reasonable probability this Court would grant a writ of certiorari. See Graves v. Barnes, 405 U. S. 1201, 1203 (1972) (Powell, J., in chambers). The application for a stay of the orders pending the filing of a petition for a writ of certiorari is denied.
 
 
 14
 
 It is so ordered.