DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHARLES MORRIS,**
Appellee.

No. 4D19-1729

[June 3, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Ari Abraham Porth, Judge; L.T. Case No. 11-12446CF10A.

Ashley Moody, Attorney General, Tallahassee, and Joseph D. Coronato, Jr. Assistant Attorney General, West Palm Beach, for appellant.

Brian F. Greenwald, Fort Lauderdale, appellee.

WARNER, J.

The State timely appeals the trial court's dismissal without prejudice of the information filed against appellant. The trial court dismissed the case based on section 916.145, Florida Statutes (2019), due to continuous mental incompetence. Because a determination of appellee's mental incompetence is presumed to continue until the court adjudicates him competent, appellee was presumed incompetent even when not in treatment. We therefore affirm.

In 2011, appellee was arrested and charged with trafficking oxycodone, tampering with physical evidence, possession of cannabis, driving under the influence, and driving without a valid driver's license.

Following his arrest in 2012 and the filing of formal charges, appellee filed a motion to determine his competency to stand trial, which the court granted. On May 15, 2014, the trial court determined appellee was incompetent to proceed due to mental illness.

A few months later, appellee was released on the conditions that he would, among other things, remain in community-based treatment, not change his address without permission of the court, and not leave the treatment program without proper authorization. Despite this, he left the area. In April 2016, the trial court issued a capias for appellee's arrest. About two-and-a-half years later, appellee was arrested in Louisiana. Once he was extradited to the State of Florida, the trial court appointed an expert to determine appellee's competency. On October 21, 2018, the trial court determined appellee to be incompetent. In the spring of 2019, appellee was again evaluated to determine his competency to proceed. The evaluator found appellee to be incompetent and that the prognosis for successful restoration of his competency was "guarded."

On May 9, 2019, appellee filed a motion to dismiss pursuant to section 916.145, Florida Statutes (2019), which provides: "The charges against a defendant adjudicated incompetent to proceed due to mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed for 5 continuous, uninterrupted years after such determination . . . ." He argued that he had remained incompetent continuously and uninterruptedly for five years. At the hearing on the motion, the State argued that because of appellee's unsupervised absence from the state for over two years, the court could not find continuous, uninterrupted incompetency for the full five years. The trial court disagreed and dismissed the charges without prejudice pursuant to the statute. The State appeals.

This Court reviews de novo the trial court's judgment and its compliance with Florida Rules of Criminal Procedure 3.213. *Baker v. State*, 221 So. 3d 637, 639 (Fla. 4th DCA 2017).

On appeal, the State argues that the trial court erred by dismissing appellee's case, because the statutory five year period should not run during the time appellee disappeared and was not under supervised treatment. Because of the presumption that appellee remains incompetent, the State's argument fails.

"An individual who has been adjudicated incompetent is presumed to remain incompetent until adjudicated competent to proceed by a court." *Dougherty v. State*, 149 So. 3d 672, 676 (Fla. 2014). *See also Downing v. State*, 617 So. 2d 864, 866 (Fla. 1st DCA 1993) ("A judicial determination of incompetence remains valid until there is a subsequent judicial determination that the petitioner is competent to proceed."). It is the State's burden to offer proof that a defendant's mental status has changed, "in the absence of any offer of proof by the state that [a defendant's] mental

2

status [has] changed, the trial court [does] not abuse its discretion in dismissing the charges . . . ." *State v. Smith*, 982 So. 2d 756, 758 (Fla. 4th DCA 2008).

Appellee was first determined to be incompetent in May of 2014. He was determined to be incompetent in another evaluation in October of 2018, and again in an evaluation in 2019. Despite the fact that appellee was not under treatment for a period of more than two years, during the period between 2014 and 2018, he is presumed to remain incompetent, as there was no judicial determination that he was competent to proceed. To rebut this presumption, it was the State's burden to offer evidence of a change in appellee's mental status, but no such evidence was offered in this case.

The State cites *Clarke v. State*, 455 So. 2d 1112, 1112 (Fla. 3d DCA 1984), to suggest that the defendant must demonstrate five consecutive, uninterrupted years of incompetency. However, *Clarke* is distinguishable, because in *Clarke* the defendant's periods of incompetency had been broken by periods of competency. *Id.* Here, appellee was declared incompetent in 2014 and has never been declared competent.

We have no quarrel with the dissent's analysis that the statute means what it says, which is that the defendant must remain incompetent to proceed for five "continuous, uninterrupted years" after the determination. Nor do we disagree that a tolling provision for absconding might be appropriate. *Dougherty*, however, compels us to presume that, once a judicial adjudication of incompetency is made, such incompetency continues until there is a judicial determination of competency. We cannot overlook the rulings of the supreme court and are required by the rule of law to abide by its holdings. Nor do we believe that we have the authority to create a tolling provision in the statute where the Legislature failed to do so. We recommend to the Legislature a review of this issue.

The State also argues that the trial court's order was insufficient because it failed to make the proper findings under Florida Rule of Criminal Procedure 3.213, which provides for a dismissal of charges without prejudice during a period of continuing incompetency. It states in relevant part:

> After a determination that a person is incompetent to stand trial or proceed with a probation or community control violation hearing, the charge(s):
>
> . . . .

(4) shall be dismissed after a finding that the defendant has remained incompetent for 5 continuous and uninterrupted years;

provided that the court finds that the defendant remains incompetent to stand trial or proceed with a probation or community control violation hearing unless the court in its order specifies its reasons for believing that the defendant is expected to become competent to proceed. A dismissal under this rule shall be without prejudice to the state to refile the charge(s) should the defendant be declared competent to proceed in the future.

Fla. R. Crim. P. 3.213(a) (2019).

The State relies on *State v. Offill*, 837 So. 2d 533, 534 (Fla. 2d DCA 2003), which reversed a dismissal of a similar order for failure to include specific findings regarding incompetence. *Offill*, however, was decided on an earlier version of the rule version of rule 3.213, which required a hearing to find (1) the defendant remained incompetent to stand trial, (2) that there was no substantial probability that the defendant would become mentally competent to stand trial, and (3) the defendant did not meet the criteria for commitment. Under the current version of rule 3.213(a), as quoted in part above, there is no requirement for the lower court to hold an evidentiary hearing, nor is there a requirement to make the second and third findings required by *Offill*. Instead, consistent with section 916.145(1), the rule makes those findings necessary only if the trial court decides *not* to dismiss the charges. *See* § 916.145(1), Fla. Stat. (2019) (providing that charges shall be dismissed "unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed.").

Although the trial court itself did not make an explicit finding that "the defendant [had] remained incompetent for continuous and uninterrupted years," or that "the defendant remains incompetent to stand trial," the prosecutor admitted that the evaluator found appellee to be incompetent and that he remained incompetent. The State simply argued that the two years in which appellee was out of state and not under treatment should not be counted in the five year total. Thus, the findings necessary under the statute and rule to permit dismissal were admitted and were clearly the basis of the court's ruling. And by granting the motion, the court

4

necessarily rejected the prosecutor's argument that the time was suspended. We find no error.

For these reasons, we affirm the trial court's dismissal of the charges against appellee without prejudice.

CIKLIN, J., concurs.
LEVINE, C.J., dissents with opinion.

LEVINE, C.J., dissenting.

I dissent from the majority opinion for two interrelated reasons. First, because defendant absconded during his conditional release, he was not incompetent for a "continuous, uninterrupted" period of five years. Second, during his two-and-a-half-year absence, defendant did not have treatment, which was a condition of his release. Thus, I would find that the time defendant had absconded from conditional release should not count towards the "continuous, uninterrupted" five-year period of incompetency required for dismissal of the pending charges.

In 2011, defendant was arrested and charged with trafficking in oxycodone, tampering with physical evidence, possession of cannabis, driving under the influence, and driving without a valid driver's license. In 2014, the trial court determined that defendant was not competent to stand trial. A few months later, defendant was released on community-based release with a host of conditions, including remaining in the community-based treatment program, not changing his address without permission of the court, and not leaving the treatment program without proper approval. In 2016, defendant absconded from the program, and two-and-a-half-years later, defendant was arrested in Louisiana. The trial court, in 2018, determined defendant to be incompetent to stand trial. In 2019, defendant was again placed on conditional release. Three months later, defendant filed a motion to dismiss pursuant to section 916.145, Florida Statutes (2019), which was granted by the trial court.

The prior version of the statute governing the dismissal of charges due to a defendant's incompetency provided as follows:

> The charges against any defendant adjudicated incompetent to proceed due to the defendant's mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed 5 years after such determination, unless the court in its order specifies its reasons for believing that the defendant will become

5

competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. . . .

§ 916.145, Fla. Stat. (1998).

In 2016, the legislature amended the statute and added "continuous, uninterrupted" language to the statute:

The charges against a defendant adjudicated incompetent to proceed due to mental illness shall be dismissed without prejudice to the state if the defendant remains incompetent to proceed for 5 *continuous, uninterrupted* years after such determination, unless the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed. . . .

§ 916.145(1), Fla. Stat. (2016) (emphasis added).[1]

Because defendant absconded, he was not incompetent for a "continuous, uninterrupted" period of five years. From the plain language reading of the statute, it is clear the legislature intended the dismissal of pending charges to be limited to circumstances when the incompetency was "continuous" and "uninterrupted." *See Palm Beach Cty. Canvassing Bd. v. Harris*, 772 So. 2d 1273, 1282 (Fla. 2000) ("[C]ourts are without power to diverge from the intent of the Legislature as expressed in the plain language of the [statute].").

"[A] change in the language of a prior statute presumably connotes a change in meaning." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 256 (2012). "[I]f possible no word should be rendered superfluous," and "every word and every provision is to be given effect." *Id.* at 168, 174. "Because legal drafters should not include words that have no effect, courts avoid a reading that renders some words altogether redundant." *Id.* at 176. Interpreting words in a statute as having "no meaning" and "no substantive effect" "should be regarded as the exception rather than the rule." *Id.* at 178.

---

[1] The version of the 2019 statute is identical to the version as amended by the legislature in 2016.

We also look to the dictionary definition for guidance on the plain meaning of the words added by the legislature. *See id.* at 78 ("Words must be given the meaning they had when the text was adopted."). "Continuous" is defined as "characterized by uninterrupted extension in space: stretching on without break or interruption." Webster's Third New International Dictionary 493-94 (2002). "Uninterrupted" is defined as "not interrupted; continuous." *Id.* at 2499. "Interrupted," in turn, is defined as "broken in upon." *Id.* at 1182.

Additionally, defendant did not comply with treatment, which was a condition of his release. The legislature approved the method by which a defendant may be released from involuntary commitment: "[T]he committing court may order a conditional release of any defendant in lieu of an involuntary commitment to a facility pursuant to s. 916.13 or s. 916.15 *based upon an approved plan for providing appropriate outpatient care and treatment.*" § 916.17(1), Fla. Stat. (2006) (emphasis added).

Thus, the plain language of this statutory provision made an approved plan for treatment a requirement for defendant's conditional release. By absconding for two-and-a-half-years, defendant did not comply with the statutory scheme for conditional release. Hypothetically, had defendant absconded the day he was placed on conditional release and returned five years and one day later, he certainly would not be entitled to automatic dismissal of the charges having never even spent one day in treatment. *See Gannon v. Airbnb, Inc.*, 45 Fla. L. Weekly D690 (Fla. 4th DCA Mar. 25, 2020) ("We are guided by the words of Justice Scalia in *Green v. Bock Laundry Machine Company* and find that '[w]e are confronted here with a statute which, if interpreted literally, produces an absurd . . . result.' 490 U.S. 504, 527 (1989) (Scalia, J., concurring) . . . .").

The purpose of requiring a defendant to undergo treatment is to restore competency. *See* § 916.12(4), Fla. Stat. (2019); Fla. R. Crim. P. 3.212(c). Section 916.12(4) states, "If an expert finds that the defendant is incompetent to proceed, *the expert shall report on any recommended treatment for the defendant to attain competence to proceed.*" (emphasis added). Similarly, rule 3.212(c) provides, "If the court finds the defendant is incompetent to proceed . . . , *the court shall consider issues relating to treatment necessary to restore . . . the defendant's competence to proceed.*" (emphasis added). "The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release." Fla. R. Crim. P. 3.212(d).

The case of *In re Eddie O.*, 253 P.3d 296 (Ariz. Ct. App. 2011), is instructive. In *Eddie O.*, a juvenile was determined to be incompetent. *Id.* at 297. The trial court dismissed the charges after the juvenile was not restored to competency within the statutory limit of 240 days. *Id.* Although the juvenile missed the majority of his treatment sessions, the trial court found that the juvenile's failure to participate in the sessions did not toll any portion of the 240-day time period. *Id.* at 297-98. The appellate court disagreed, finding that a review of the statute and the related statutory scheme anticipated that the juvenile participate in treatment sessions. *Id.* at 299. The appellate court concluded that the juvenile's failure to participate in treatment sessions could toll the statutory time period for purposes of calculating 240 days. *Id.* at 301.

Similarly, in the instant case, a review of the statute and the related statutory scheme demonstrates the legislature anticipated that a defendant would participate in treatment. As conditions of his release, defendant was required to remain in the community-based treatment program and not leave the treatment program without proper approval. Clearly, defendant's absconding prevented him from receiving the required treatment.

Under Florida law, there are other times when tolling would be the proper remedy. For example, when a defendant on probation absconds from supervision, the probationary period is tolled until the probationer is returned to supervision. *Williams v. State*, 202 So. 3d 917, 920 (Fla. 4th DCA 2016); *Kimball v. State*, 890 So. 2d 495, 496 (Fla. 5th DCA 2004). Similarly, in the present case, defendant's absence by absconding should toll the time for purposes of considering dismissal pursuant to section 916.145(1).

The majority points out that the burden of proof to show competency to stand trial rests with the state. That is true. But that does not have any relevance on whether five years has passed for purposes of the statute governing dismissal of charges. The majority is conflating how to calculate the term of five years for the dismissal statute with the burden of proving competency. I disagree with the majority that we should count the time defendant had absconded without treatment.

The majority states that "*Dougherty*, however, compels us to presume that, once a judicial adjudication of incompetency is made, such incompetency continues until there is a judicial determination of competency." *Dougherty* stands for the proposition that the responsibility to determine competency rests with the trial court, and Florida Rules of Criminal Procedure 3.210-3.212 detail the procedures the trial court is to

use.  However, nowhere in *Dougherty* does it state how the time required for dismissal should be calculated.  We do, however, have the "continuous, uninterrupted" language added by the legislature in 2016 to guide our analysis of how to determine when five years has passed in order for a defendant to properly file for a dismissal.

When one deducts the time defendant absconded, defendant had not yet remained incompetent for five "continuous, uninterrupted" years as required for dismissal.  Therefore, I would reverse and remand.[2]

*    *    *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Even assuming defendant had been incompetent for five years, an exception to the rule requiring mandatory dismissal applies where "the court in its order specifies its reasons for believing that the defendant will become competent to proceed within the foreseeable future and specifies the time within which the defendant is expected to become competent to proceed."  § 916.145(1), Fla. Stat. The record lacks any indication that the trial court considered the expert's opinion that defendant could be restored to competency in approximately six months.  (The expert's written report was unclear as the specific amount of time, giving an estimate of "between 6 and 1-2 months.").